**Michael Patrick CLANCEY,
Plaintiff-Appellant,**

**v.**

**Carl ALBERT, John J. Flynt, Jr., and the
United States House of Representatives,
et al., Defendants-Appellees.**

**No. 77–3010.**

United States Court of Appeals,
Ninth Circuit.

July 5, 1979.

Michael Patrick Clancey, Laguna Hills, Cal., pro se.

Stephen D. Petersen, Asst. U. S. Atty., Los Angeles, Cal., for defendants-appellees.

Before WALLACE and TANG, Circuit Judges, and TURRENTINE,* District Judge.

TURRENTINE, District Judge:

Representative Andrew J. Hinshaw was elected in November, 1974, to a second term in Congress on behalf of the 40th District of the State of California. In January, 1976, he was found guilty of two counts of bribery by a California jury. House of Representatives Rule 43, paragraph 10, provides that a Representative convicted of a crime while in office shall refrain from voting in the House until vindicated on appeal, or re-elected by the constituency.[1] Congressman Hinshaw therefore refrained from all participation in committee business and House voting.

---

* Honorable Howard B. Turrentine, United States District Judge Southern District of California, sitting by designation.

1. House Rule 43 ¶ 10 states:
   A Member of the House of Representatives who has been convicted by a court of record for the commission of a crime for which a sentence of two or more years' imprisonment may be imposed should refrain from participation in the business of each committee of which he is a member and should refrain from voting on any question at a meeting of the House, or of the Committee of the Whole

On March 25, 1976, Michael P. Clancey, appellant herein, sought a declaratory judgment in the District Court that the House Rule was unconstitutional. He alleged inter alia, that various defendants had denied him the constitutional right to representation through compliance with the Rule. However, Congressman Hinshaw was defeated in the primary election in June, 1976, and in January of 1977, another Representative from the 40th District was seated. Although the District Court had already dismissed as to some named defendants for a variety of reasons,[2] the entire action was dismissed on March 7, 1977, for mootness. Clancey appeals this latter dismissal.

Appellant's contention is that his claim is not moot because the controversy presented is capable of repetition, yet evades review. *Southern Pacific Terminal Co. v. I. C. C.,* 219 U.S. 498, 515, 31 S.Ct. 279, 55 L.Ed. 310 (1911). Clancey argues that because other representatives may be convicted of crimes while serving, he can be deprived of his right to representation again. And he asserts that such deprivation evades review because the two-year term of service by members of Congress is too brief a period in which to seek a judicial remedy.

> The Supreme Court has recently said that *in the absence of a class action,* the "capable of repetition, yet evading review" doctrine [is] limited to the situation where two elements [are] combined: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, *and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again.* *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350 (1975) (emphasis added), citing *Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975).

The chance that appellant Clancey will again reside in a district whose elected representative is convicted of a crime while serving seems too remote to amount to a "reasonable expectation" that the House Rule will again affect Clancey's representation in Congress. Therefore, we conclude that the constitutional validity of the Rule does not appear to present a recurring problem within the meaning of the phrase "capable of repetition."

Having reached this conclusion, it becomes unnecessary to consider whether Clancey has demonstrated that the issue he seeks to litigate actually does evade review. The appellant is presently represented in Congress by a member who may exercise voting rights and who may participate in committee business. For this reason, and in light of the above discussion, Clancey's claim is moot, and the judgment of the District Court dismissing the action is hereby affirmed.

---

House, unless or until judicial or executive proceedings result in reinstatement of the presumption of innocence or until he is re-elected to the House after the date of such conviction.

**2.** The District Court dismissed the action as to Congressmen Albert and Flynt on July 19, 1976, concluding that the Speech and Debate Clause of the Constitution barred the claim. And on September 20, 1976, the Court dismissed as to the House of Representatives under the doctrine of sovereign immunity.