798 F.2d 468
 34 Ed. Law Rep. 370
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Heather BOWMAN, a minor, By and Through her mother, Dorothy
C. BOWMAN; Dorothy C. Bowman; Bobbie Joe Shinkle, a minor,
By and Through her father, Kenneth Shinkle; Carol Childers;
Marianne Moran; Betty Bloom, Plaintiffs-Appellees,
v.
BETHEL-TATE LOCAL SCHOOL DISTRICT BOARD OF EDUCATION;
Ronald Smith; Kermit Acord; Nelson Dick; Robert
Dorsey; Donald Patton, Defendants-Appellants.
 No. 85-3427.
 United States Court of Appeals,
Sixth Circuit.
 June 13, 1986.
 
 Before KENNEDY and MILBURN, Circuit Judges, and JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 This action arises from the decision of the Bethel-Tate Local School District Board of Education ("the Board of Education") not to permit the third-grade class at Ebon C. Hill Elementary School ("Hill Elementary") to present the play Sorcerer and Friends during the final Bethel-Tate Parent Teacher Association ("PTA") meeting of the 1984-85 school year on May 13, 1985. TraditionallY, the third-graders at Hill Elementary, a public school located in the Bethel-Tate Local School District ("the School District") in Clermont County, Ohio, perform a play at the final PTA meeting of the school year. The third-graders present the play on the stage of the middle school auditorium, Parents, teachers, staff, and administrators attend the performance. The third-graders' participation in the play is wholly voluntary. Unlike regular classwork, the students do not receive grades or credit for their involvement in the play. Virtually all of the third-grade students, however, participate in the play and all of the third-grade teachers supervise the play's production. The third-grade teachers hold rehearsals for the play immediately before the start of class in the morning or immediately after class in the afternoon. The teachers give those students scheduled for rehearsal in the morning a special pass to permit them to ride an early bus to school. In addition to the third-grade teachers, other teachers participate in the production of the play. The art teacher, with student help, prepares the scenery for the play. The music teacher supervises and conducts rehearsals for the musical portions of the play. Finally, the School District's custodians set up seating for the play at no cost to the PTA.
 
 
 2
 During the 1984-85 school year, the third-grade teachers selected a play entitled Sorcerer and Friends by Val Cheatham. The teachers did not consult with the Board of Education in selecting the play. The third-grade teachers chose Sorcerer and Friends because the play is a musical-comedy, the play has approximately twenty-two acting parts and seven dancing parts so that a large number of students could participate, almost all of the parts do not require the participants to memorize a great number of lines, and, as elementary school educators, the third-grade teachers thought the play was well-suited for the third-grade level. In February 1985, the third-grade teachers auditioned students for speaking parts in the play. After the teachers selected the cast, rehearsals began in the first week of March 1985. In addition, the third-graders practiced the songs in the play in music class during the regular school day.
 
 
 3
 On or about March 28, 1985, a parent raised questions about the play's content. In response to these questions, David Weidner, the principal at Hill Elementary, sent a synopsis of the play to the parents of all 142 students in the third-grade class and requested that the parents read the synopsis, review the words of the songs in the play, and state whether or not they were in favor of the play's production. In response to this survey, forty-four parents favored production of the play, seven parents opposed the play, and three parents did not express an opinion. At a special meeting of the Board of Education on April 11, 1985, the Board of Education decided to submit the entire play to the parents of the third-grade class and to solicit comments regarding whether the plays production should continue. The second survey produced ninety responses in favor of the play, twenty-three responses opposing the play, and two responses that expressed no opinion.
 
 
 4
 After reviewing the results of the second survey at an April 18, 1985 meeting, the Board voted not to permit the third-grade class to present Sorcerer and Friends. The Board believed the ideas and sentiments in the play conflicted with the School District's educational goals and objectives. In the Board's opinion, Sorcerer and Friends "glorifies cowardice, denigrates patriotism and disparages the aged." Affidavit of Ronald Smith. The Board felt that since the community viewed the play as a school-sponsored event, the public would think that Sorcerer and Friends reflected the ideas that Hill Elementary was teaching and that the Board approved the ideas and sentiments expressed in the play.
 
 
 5
 After the Board of Education voted to cancel the play, plaintiffs-app ellees, third-graders Heather Bowman and Bobbi Jo Shinkle, their parents, Dorothy C. Bowman and Kenneth Shinide, and their teachers, Carol Childers, Marianne Moran, and Betty BlooM, brought this action under 42 U.S.C. Sec. 1993 in the United States District Court for the Southern District of Ohio on April 23, 1985. Plaintiffs-appellees sought declaratory and injunctive relief prohibiting defendants--appellants, the Board of Education and its members, Ronald Smith, Kermit Acord, Nelson Dick, Robert Dorsey, and Donald Patton (collectively "the Board"), from interfering with the presentation of Sorcerer and Friends and reasonable attorney fees under 42 U.S.C. Sec. 1999. Plaintiffs-appellees also filed a motion for a temporary restraining order and a preliminary injunction to enjoin defendants-appellants from preventing plaintiffs-appellees and the other members of the third-grade class from rehearsing or presenting the play. On April 25, 1985, the District Court granted a temporary restraining order with the stipulation that the third graders could not rehearse or stage any part of the play during normal classroom time.
 
 
 6
 With the consent of the parties, the District Court consolidated the motion for preliminary injunction with a hearing on the merits. After hearing the testimony of Ronald Smith, President of the Board of Education, and oral arguments on May 2, 1985, the District Court permanently enjoined defendants-appellants from interfering with the rehearsal and presentation of the play with the previously mentioned stipulation. The District Court granted defendants-appellants' motion for a stay until 12:00 noon on May 3, 1985 so that the Board of Education could appeal to this Court. On May 6, 1985, the District Court filed an opinion with findings of fact and conclusions of law. The District Court entered the following injunction:
 
 
 7
 Defendants are hereby permanently enjoined from interfering in any way with the rehearsal and presentation of the play Sorcerer and Friends, scheduled for performance on May 13, 1985. However, no part of the rehearsal or staging of the play shall be included in any regular classroom time, that is, during normal school hours, of the third grade at the Ebon C. Hill Elementary School.
 
 
 8
 Defendants-appellants filed a notice of appeal on May 24, 1985. On May 31, 1985, plaintiffs-appellees filed a motion for attorney's fees. In an August 2, 1985 letter to counsel, the District Court suggested that it "abstain from deciding plaintiffs' motion for attorneys' fees until after all appeals on the merits have been concluded."
 
 
 9
 Defendants-appellants raise two issues in this appeal: (1) Whether the District , Court erred in concluding that the production of Sofillierer and Friends was not an extension of the third-grade program, which falls under the broad discretion and control of the Board; and (2) Whether the First Amendment restricts the Board's authority over non-curriculum activities related to the School District's educational program. In addition, plaintiffs-appellees raise the question whether this appeal is moot. For the reasons stated below, we conclude that the appeal is moot. Accordingly, without reaching the merits, we vacate the District Court's judgment and remand the action to the District Court with instructions to dismiss the action as moot. On remand, the District Court will still have to decide plaintiffs-appellees' motion for attorney's fees.
 
 
 10
 Article III of the Constitution limits the federal judicial power to "cases and controversies." Plaintiffs-appellees argue that since the third-graders presented Sorcerer and Friends as scheduled, this appeal is moot because a "case or controversy" no longer I; exists. Although not part of the record, counsel for defendants-appellants admitted at oral argument that the third-graders presented the play, without incident, on May 13, 1985. In Roe v. Wade, 410 U.S. 113, reh'g denied, 410 U.S. 959 (1973), the Supreme Court stated that: "The usual rule in federal cases is that an actual controversy must exist at stages of appellate or certiorari review, and not simply at the date the action is initiated." Id. at 125 (citations omitted). See also DeFunis v. Odegaard, 416 U.S. 312 (1974).
 
 
 11
 Defendants-appellants argue that a case or controversy still exists because the plaintiffs-appellees included a request for attorney's fees in their petition for relief. Since the District Court has yet to rule on the request for attorney's fees, however, this appeal does not present that issue. Second, defendants-appellants argue that the "capable of repetition, yet evading review" exception to the mootness doctrine applies. See, e.g., Roe v. Wade, supra at 125. In Weinstein v. Bradford, 423 U.S. 147 (1975), the Supreme Court stated:
 
 
 12
 [I]n the absence of a class action, the "capable of repetition, yet evading review" doctrine was limited to the situation where two elements combined: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again.
 
 
 13
 Id. at 149. In this action, however, the Board of Education was not the complaining party. Consequently, the "capable of repetition, yet evading review" doctrine does not apply. See also City of Los Angeles v. Lyons, 461 U.S. 95, 109 (1983) (citation omitted) ("the capable-of-repetition doctrine applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality"). Second, defendants-appellants apparently want this panel to speculate that the third-grade teacher plaintiffs-appellees will select Sorcerer and Friends or another play that expresses ideas and sentiments that the Board of Education believes conflict with the School District's educational objectives and goals for presentation at a future PTA meeting. The Supreme Court has refused to engage in similar speculation in the past. See, e.g., Sosna v. Iowa, 419 U.S. 393, 400 (1975). Finally, in the event that students, parents, or teachers seek to enjoin the Board of Education from prohibiting the presentation of a play in the future, the question win not evade judicial review because the Board of Education can relitigate the issues under the facts of that particular case. Since the third-graders presented Sorcerer and Friends as scheduled on May 13, 1985, any decision on the merits by this panel would amount to an advisory opinion. Consequently, we conclude that the case is moot.
 
 
 14
 Accordingly, we vacate the judgment and remand the action to the District Court with instructions to dismiss the underlying action as moot.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior Judge, United States District Court for the Eastern District of Michigan, sitting by designation