849 F.2d 605
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Elliott Maurice HUDSON, Plaintiff-Appellant,
v.
B. Norris VASSAR, Chairman, Virginia Parole Board, Defendant-Appellee.
 No. 88-6539.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 28, 1988.
Decided: May 27, 1988.
 
 Elliott Maurice Hudson, appellant pro se.
 Before WIDENER, MURNAGHAN and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Elliott Hudson, a Virginia inmate, brought this action pursuant to 42 U.S.C. Sec. 1983, alleging that the defendants, members of the Virginia Parole Board, have violated his civil rights. The district court dismissed the action without requiring an answer.
 
 
 2
 Hudson's claim for damages must fail because parole board members are immune from damages liability. Franklin v. Shields, 569 F.2d 784, 800 (4th Cir.1977) (en banc), cert. denied, 435 U.S. 1003 (1978). Hudson's claims for injunctive and declaratory relief are equally without merit. Under certain circumstances, a Sec. 1983 action may be the proper vehicle for redressing due process violations committed during parole eligibility proceedings. See Bradford v. Weinstein, 519 F.2d 728 (4th Cir.1974), vacated as moot, 423 U.S. 147 (1975); Strader v. Troy, 571 F.2d 1263 (4th Cir.1978). The particular procedural rights to which an inmate is entitled in connection with his parole were identified by the court in Franklin. Hudson has failed to allege that he was denied any of the procedural rights enumerated in Franklin. Rather, Hudson's claim is essentially that he deserved to have been paroled and that the parole board violated his rights by not doing so. This does not state a claim under Sec. 1983, however, because Hudson has failed to show that his constitutional rights have been violated. Since it appears that Hudson received all the process which was constitutionally due him, we affirm the judgment of the district court dismissing his action. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 3
 AFFIRMED.