908 F.2d 975
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Louis ROMANO, Petitioner-Appellant,
v.
James L. FYKE, U.S. Marshal for the Central District of
Illinois, and the U.S. Parole Commission,
Respondents-Appellees.
 No. 89-2260.
 United States Court of Appeals, Seventh Circuit.
 Argued May 1, 1990.
Decided July 9, 1990.
 
 Before WILLIAM J. BAUER, Chief Judge, RICHARD D. CUDAHY, Circuit Judge, and WILBUR F. PELL, JR., Senior Circuit Judge.
 
 ORDER
 
 1
 Louis Romano brought this petition pursuant to 28 U.S.C. Sec. 2241, alleging that the United States Parole Commission deprived him of due process when it failed to hold a parole revocation hearing within the ninety-day period mandated by section 4214(c) of the 1976 Parole Commission and Reorganization Act, 18 U.S.C. Secs. 4201-4218. He sought only his immediate release from custody and did not challenge his original conviction. The district court denied habeas relief, and Romano appealed. During the pendency of this appeal, the Parole Commission held a parole revocation hearing. After the hearing the Parole Commission revoked Romano's parole, but gave him full credit for all the time he served on parole prior to the revocation. Romano was reparoled on December 13, 1989.
 
 
 2
 Romano contends that his release from custody does not moot this appeal, because collateral consequences flow from his parole revocation and because the delay in the holding of his revocation hearing is a matter "capable of repetition, yet evading review." We disagree. The possibility that Romano's parole revocation may be considered in a subsequent parole determination or sentencing does not amount to a "collateral consequence" sufficient to prevent his appeal from being moot. See Lane v. Williams, 455 U.S. 624, 632-33 & n. 13 (1982). Romano, moreover, makes no showing of a "reasonable expectation" or a "demonstrated probability" that he will have another five-month wait for a parole revocation hearing. See Weinstein v. Bradford, 423 U.S. 147, 149 (1975). We therefore dismiss Romano's appeal as moot.