923 F.2d 856
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Michael C. ANTONELLI, Petitioner-Appellant,
v.
William T. FOSTER and O.C. Jenkins, Respondents-Appellees.
 No. 88-1331.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 21, 1990.*
Decided Jan. 14, 1991.
 
 Before BAUER, Chief Judge, and EASTERBROOK, Circuit Judge, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 On September 21, 1987, federal agents took Michael C. Antonelli into custody on a parole violator warrant. See 18 U.S.C. Sec. 4214. At the time, Antonelli was on parole, having served seven and one-third years of a twenty-two year sentence for bank fraud, bombings, and possession of a gun with a silencer. On September 23, 1987, the Parole Commission held a preliminary parole revocation hearing. According to Antonelli, the Parole Commission gave him no prior notice of the charges against him, nor did it allow him to view the evidence or documentation that supported the charges against him, or allow him to call or cross-examine witnesses. See Morrissey v. Brewer, 408 U.S. 471 (1972). At the close of the preliminary hearing, the Parole Commission found probable cause to revoke Antonelli's parole. Antonelli received notice of this decision on September 30, 1987.
 
 
 2
 On October 2, 1987, Antonelli filed a petition in federal district court seeking either mandamus (28 U.S.C. Sec. 1361) or a writ of habeas corpus (28 U.S.C. Sec. 2241), and alleging that the Parole Commission committed due process violations during his preliminary parole revocation hearing and failed to consider him for conditional release pending the final revocation hearing. In his petition, Antonelli requested either a new preliminary hearing, a bond set for his conditional release, or simply conditional release; he did not seek damages. The district court, construing the filing as a habeas petiton since Antonelli sought release from custody, dismissed all the due process claims for failure to exhaust administrative remedies but set briefing for the conditional release issue.
 
 
 3
 Meanwhile, on October 14, 1987, the Parole Commission conducted a Final Parole Revocation hearing at which the Parole Commission determined that probable cause existed to revoke Antonelli's parole. His parole was revoked formally on October 30, 1987. Subsequently, Antonelli filed an appeal with the Parole Appeals Board. Then, on January 4, 1988, while that appeal was pending, the district court entered its judgment dismissing the conditional release claim, as well, for failure to exhaust administrative remedies. Antonelli appealed the district court's decision.
 
 
 4
 The government argues, in part, that this action cannot be maintained as a habeas corpus petition because Antonelli is not seeking an earlier release date; his parole was scheduled for September 1988. See 28 U.S.C. Sec. 2241. Looking at the petition from the district court's perspective, however, at the point in time when the district court construed the petition, Antonelli was challenging his confinement since he sought conditional release on bail pending his final revocation hearing. This is cognizable in habeas corpus proceedings. See Luther v. Molina, 627 F.2d 71, 76 (7th Cir.1980). Thus, contrary to the government's contention, the district court properly construed Antonelli's petition under the habeas corpus statute.
 
 
 5
 The district court dismissed the petition for failure to exhaust administrative remedies, as is generally required of federal prisoners. See Sanchez v. Miller, 792 F.2d 694, 697 (7th Cir.1986) (citations omitted). Although the parties have not informed us of the status of Antonelli's attempts to exhaust his administrative remedies, presumably those avenues are exhausted or foreclosed in any event. On appeal, Antonelli argues that it is improper to require exhaustion where substantial rights are affected and blatant due process violations appear in the record. We need not address Antonelli's argument, though, because Antonelli's claims are moot. As the government points out in its brief, Antonelli does not challenge the final parole revocation process or outcome in any respect. Without such a challenge, even if we were to conclude that the Parole Commission violated Antonelli's due process rights, we could not provide him with any relief under the habeas statute. The remedy in a habeas proceeding for the wrongs alleged in this case would be to direct the Parole Commission to conduct a new hearing which comported with due process. This Antonelli has already received in the form of his final parole revocation hearing.
 
 
 6
 Nevertheless, Antonelli argues that his claim is one "capable of repetition, yet evading review" and thus is not moot. See Weinstein v. Bradford, 423 U.S. 147, 149 (1975). We do not presume that there is "a reasonable expectation" that Antonelli will be subject to another preliminary parole revocation hearing at which his due process rights may be violated. Id; Luther, 627 F.2d at 74. Cf. Marchard v. Director, U.S. Probation Office, 421 F.2d 331 (1st Cir.1970).
 
 
 7
 We vacate the district court's judgment dismissing the petition without prejudice for failure to exhaust administrative remedies and remand the cause to the district court with instructions to enter judgment dismissing the case as moot.
 
 
 8
 It is so ordered.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." No such statement has been filed. The appeal is therefore submitted on the briefs and record