## WEINSTEIN ET AL. *v.* BRADFORD

No. 74-1287.   Decided December 10, 1975

PER CURIAM.

Respondent Bradford sued petitioner members of the North Carolina Board of Parole in the United States District Court for the Eastern District of North Carolina, claiming that petitioners were obligated under the Fourteenth Amendment of the United States Constitution to accord him certain procedural rights in considering his eligibility for parole. Although respondent sought certification of the action as a class action, the District Court refused to so certify it and dismissed the complaint. On respondent's appeal to the Court of Appeals for the Fourth Circuit, that court sustained his claim that he was constitutionally entitled to procedural rights in connection with petitioners' consideration of his application for parole. Because the conclusion of the Court of Appeals was at odds with the decisions of several other Courts of Appeals, we granted certiorari on June 2, 1975, 421 U. S. 998, and the case was set for oral argument during the December calendar of this Court.

Respondent has now filed a suggestion of mootness

with this Court, and petitioners have filed a response. It is undisputed that respondent was temporarily paroled on December 18, 1974, and that this status ripened into a complete release from supervision on March 25, 1975. From that date forward it is plain that respondent can have no interest whatever in the procedures followed by petitioners in granting parole.

Conceding this fact, petitioners urge that this is an issue which is "capable of repetition, yet evading review" as that term has been used in our cases dealing with mootness. Petitioners rely on *Super Tire Engineering Co.* v. *McCorkle,* 416 U. S. 115 (1974), to support their contention that the case is not moot. But there the posture of the parties was quite different. Petitioner employer was engaged in cyclically recurring bargaining with the union representing its employees, and respondent state official was continuously following a policy of paying unemployment compensation benefits to strikers. Even though the particular strike which had been the occasion for the filing of the lawsuit was terminated, the Court held that it was enough that the petitioner employer showed "the existence of an immediate and definite governmental action or policy that has adversely affected and continues to affect a present interest," and noted that "the great majority of economic strikes do not last long enough for complete judicial review of the controversies they engender." *Id.,* at 125–126. But in the instant case, respondent, who challenged the "governmental action or policy" in question, no longer has any present interest affected by that policy.

In *Sosna* v. *Iowa,* 419 U. S. 393 (1975), we reviewed in some detail the historical developments of the mootness doctrine in this Court. *Southern Pacific Terminal Co.* v. *ICC,* 219 U. S. 498 (1911), was the first case to enunciate the "capable of repetition, yet evading review"

branch of the law of mootness. There it was held that because of the short duration of the Interstate Commerce Commission order challenged, it was virtually impossible to litigate the validity of the order prior to its expiration. Because of this fact, and the additional fact that the same party would in all probability be subject to the same kind of order in the future, review was allowed even though the order in question had expired by its own terms. This case was followed by *Moore* v. *Ogilvie,* 394 U. S. 814 (1969); *SEC* v. *Medical Committee for Human Rights,* 404 U. S. 403 (1972); and *Dunn* v. *Blumstein,* 405 U. S. 330 (1972), which applied the original concept of *Southern Pacific Terminal Co.* v. *ICC* to different fact situations, including a class action in *Dunn.*

*Sosna* decided that in the absence of a class action, the "capable of repetition, yet evading review" doctrine was limited to the situation where two elements combined: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again. The instant case, not a class action, clearly does not satisfy the latter element. While petitioners will continue to administer the North Carolina parole system with respect to those who at any given moment are subject to their jurisdiction, there is no demonstrated probability that respondent will again be among that number. *O'Shea* v. *Littleton,* 414 U. S. 488 (1974).

It appearing, therefore, that the case is moot, the judgment of the Court of Appeals is vacated, and the case is remanded to the District Court with instructions to dismiss the complaint. *Indianapolis School Comm'rs* v. *Jacobs,* 420 U. S. 128 (1975); *United States* v. *Munsingwear, Inc.,* 340 U. S. 36 (1950).

*So ordered.*