**THIRTEENTH GUAM LEGISLATURE, Thomas V. C. Tanaka, Donald J. Hook and Vicente P. Castro, Plaintiffs-Appellees,**

v.

**Ricardo J. BORDALLO, the Governor of Guam, Frank G. Blaz, Director of Administration, and Maria C. Duenas, the Treasurer of Guam, Defendants-Appellants.**

No. 77-2794.

United States Court of Appeals, Ninth Circuit.

Nov. 8, 1978.

---

**266**

Charles H. Troutman, Atty. Gen. of Government of Guam, Agana, Guam, Philip H. Jacobsen, Acting Atty. Gen. (argued), of Government of Guam, Agana, Guam, for defendants-appellants.

Brooks & Klitzkie, Agana, Guam, J. Bradley Klemm (argued), of Klemm, Dear & Lawrence, Agana, Guam, for plaintiffs-appellees.

Before CHAMBERS and WALLACE, Circuit Judges, and WONG,* District Judge.

\* Honorabe Dick Yin Wong, United States District Judge, District of Hawaii, sitting by designation.

·PER CURIAM:

The governor and certain administrative officials of Guam appeal from a judgment of the district court holding that the Guamanian legislature is empowered to override the governor's item veto of individual appropriations. 430 F.Supp. 405 (D.Guam 1977). We conclude that the Organic Act of Guam does provide the legislature with this power; we therefore affirm.

I

■ This appeal results from a dispute between the Thirteenth Guam Legislature and the governor of Guam. Since the Thirteenth Legislature has since expired and the fiscal period to which the vetoed appropriations pertained has passed, we are confronted initially with a question of potential mootness.

We are convinced, however, that

(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the ·same complaining party would be subjected to the same action again.

*Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350 (1975). Therefore, the "capable of repetition, yet evading review" doctrine is applicable and we need not dismiss the case as moot. *Id.* See also *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 547, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976); *Sosna v. Iowa*, 419 U.S. 393, 397–403, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975); *Southern Pac. Terminal Co. v. ICC*, 219 U.S. 498, 515, 31 S.Ct. 279, 55 L.Ed. 310 (1911).

II

The issue presented in this appeal is whether 48 U.S.C. § 1423i empowers the Guamanian legislature to override the governor's veto of individual appropriations. Section 1423i provides in part:

Every bill passed by the legislature shall, before it becomes a law, be entered upon the journal and presented to the Governor. If he approves it, he shall sign it, but if not he shall, except as hereinafter provided, return it, with his objections, to the legislature within ten days (Sundays excepted) after it shall have been presented to him. If he does not return it within such period, it shall be a law in like manner as if he had signed it, unless the legislature by adjournment prevents its return, in which case it shall be a law if signed by the Governor within thirty days after it shall have been presented to him; otherwise it shall not be a law. When a bill is returned by the Governor to the legislature with his objections, the legislature shall enter his objections at large on its journal and, upon motion of a member of the legislature, proceed to reconsider the bill. If, after such reconsideration, two-thirds of all the members of the legislature pass the bill, it shall be a law. If any bill presented to the Governor contains several items of appropriation of money, he may object to one or more of such items, or any part or parts, portion or portions thereof, while approving the other items, parts, or portions of the bill. In such a case he shall append to the bill at the time of signing it, a statement of the items, or parts or portions thereof, to which he objects, and the items, or parts or portions thereof, so objected to shall not take effect.

In *Government of V. I. v. Eleventh Legislature. of V. I.*, 536 F.2d 34 (3d Cir. 1976), the Third Circuit faced this precise issue in construing essentially identical language in the Revised Organic Act of the Virgin Islands. The court concluded that the act did not authorize a legislative override of an item veto.

 The issue is obviously a close one. While we have great respect for our brothers of the Third Circuit, we are persuaded by the thoughtful and incisive opinion rendered by the district judge in this case and, for the reasons he states, conclude that the legislature has power to override an item veto by the governor.

AFFIRMED.