651 F.2d 595
 KANSAS CITY POWER & LIGHT COMPANY, Appellant,
v.
The PUBLIC SERVICE COMMISSION OF MISSOURI, Appellee,
and
William M. Barvick, Public Counsel of the State of Missouri,
Intervenor/Appellee.
 No. 81-1143.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 21, 1981.
Decided June 17, 1981.
 
 A. Drue Jennings (argued), Paul Anthony White, Kansas City, Mo., for appellant, Kansas City Power & Light Co.
 Treva J. Hearne, Jane E. King, Kent M. Ragsdale, Gen. Counsel (argued), Jefferson City, Mo., for Public Service Commission of the State of Missouri.
 James M. Fischer, Jefferson City, Mo., for Public Counsel of the State of Missouri.
 Before BRIGHT and STEPHENSON, Circuit Judges, and HARRIS,* District Judge.
 PER CURIAM.
 
 
 1
 Kansas City Power & Light Company (KCPL) appeals from a final judgment of the district court[1] dismissing KCPL's complaint for lack of subject matter jurisdiction, pursuant to the Johnson Act, 28 U.S.C. § 1342. KCPL had sought mandatory injunctive relief requiring the Public Service Commission of the State of Missouri (Commission) to immediately conduct, after notice, evidentiary hearings to determine if KCPL was entitled to interim rate increases for its electricity services.
 
 
 2
 After the district court dismissal on January 5, 1981, KCPL applied to this court for a writ of mandamus requiring the district court to accept jurisdiction. The writ was denied by this court on January 19, 1981. KCPL then filed an appeal from the district court judgment. It is our view that this appeal must now be dismissed as moot.
 
 
 3
 On August 6, 1980, KCPL filed with the Commission proposed revised permanent schedules of increased rates for retail electric service, with a proposed effective date of September 6, 1980. The rates were designed to create a $45.4 million increase in revenues for KCPL. The filing was assigned Case No. ER-81-42 by the Commission. KCPL then filed, in that proceeding, a Motion for Immediate Suspension and Interim Rate Relief. In this motion KCPL asked for a prompt hearing and, after such hearing, authorization for the filing of interim rate schedules to become effective immediately, subject to refund.
 
 
 4
 On August 15, 1980, the Commission issued its Suspension Order in Case No. ER-81-42, suspending the effective date of KCPL's proposed revised permanent rate schedules until January 4, 1981. Then, on September 18, 1980, without hearing or oral argument, the Commission issued an order dismissing the motion for interim rate relief. The Commission, again without hearing, refused to reconsider this order. On September 30, 1980, the Commission suspended the proposed permanent rate increase until July 4, 1981, and scheduled formal evidentiary hearings for Case No. ER-81-42 during the period from April 13 through May 1, 1981.
 
 
 5
 Hearings before the Commission on the permanent rate request were held during this period. This proceeding provided a hearing on all issues that would have been involved in a hearing on the interim request. Therefore, KCPL ultimately received the only relief which the federal district court could have awarded, i. e., a hearing on the interim request.
 
 
 6
 KCPL argues that this case should not be dismissed as moot, however, because by its nature the case is "capable of repetition, yet evading review." This is, of course, a well established exception to the mootness doctrine. See, e. g., SEC v. Sloan, 436 U.S. 103, 98 S.Ct. 1702, 56 L.Ed.2d 148 (1978); Weinstein v. Bradford, 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975); Southern Pacific Terminal Co. v. ICC, 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1911).
 
 
 7
 KCPL argues that by the time it is able to get to federal court with its argument that a hearing is required on its interim rate request, the hearing on the permanent request has already been heard. Thus, it argues that there is no forum available to raise this claim and it therefore evades review.
 
 
 8
 Appellees state that this is not the case. They note that by filing the interim request in the permanent proceeding, KCPL has made it impossible to appeal the Commission's refusal to grant a hearing on the interim request to a state court without staying the permanent rate proceeding. Thus, effective state court forums in this instance were not available. However, appellees state the usual procedure before the Commission is to make a separate filing for interim tariffs apart from the permanent rate proceeding. If this is done, a separate appeal from the denial of interim tariffs can be made in the state courts without staying the permanent proceedings.[2]
 
 
 9
 KCPL has not shown that it is unable to obtain state review of its claim if it had followed the normal procedure before the Commission. Even if the state courts, despite their statutory mandate to expedite these cases,[3] are unable to hear the case prior to permanent hearings being held, KCPL has not demonstrated that mandamus or other extraordinary relief is unavailable in the state courts. On the record before us, we are unable to hold that there exists a reasonable expectation of repetition of this lawsuit which will evade review.
 
 
 10
 At oral argument, counsel for KCPL argued that although the merits of this case may be moot, they would like this court to decide the jurisdictional question, and hold that federal courts would have jurisdiction to hear KCPL's claim.[4] KCPL sought only injunctive and not declaratory relief below, and it would be inappropriate to rule on their request for a declaration of the federal courts' jurisdiction in this matter. "(T)he question of mootness is a federal one which a federal court must resolve before it assumes jurisdiction." North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971).
 
 
 11
 The appeal is dismissed as moot.
 
 
 
 *
 The Honorable Oren Harris, Senior United States District Judge for the Eastern and Western Districts of Arkansas, sitting by designation
 
 
 [1]
 The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri
 
 
 [2]
 The procedure is pursuant to the "file and suspend" method of filing for interim rates set forth in Mo.Rev.Stat. §§ 393.140; .150. See generally State ex rel. Laclede Gas Co. v. Public Service Comm'n, 535 S.W.2d 561, 565-68 (Mo.App.1976)
 
 
 [3]
 See Mo.Rev.Stat. § 386.530
 
 
 [4]
 The district court concluded it was without jurisdiction because of the requirements of the Johnson Act, 28 U.S.C. § 1342