816 F.2d 673
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
SENSENY SOUTH CORPORATION; Kent Barley; Stanley Bauserman;
Harvey L. Brumback; Drilake Farms, Inc.; Ewers Orchards;
Fruit Hill Orchard; Glaize Virginia Orchards; W.R. Kiser;
Mark-Miller Orchards; Roy McDonald; Harold G. Nichols;
Orchard Management Company; R & T Packing; REB & Company;
D.K. Russell & Sons, Inc.; Ronald Snapp; Bruce Swing;
Timber Ridge Fruit Farm; Westwood Farm, Inc.; Witham
Orchards, Inc.; Robert Wyatt; Triple S. Associates; White
Hall Orchards, Plaintiffs-Appellees,
v.
DEPARTMENT OF LABOR; William E. Brock, Secretary, United
States Department of Labor; William Haltigan,
Regional Administrator; Richard Panati,
Certifying Officer,
Defendants-Appellants,
and
Osman Etienne, Defendant.
SENSENY SOUTH CORPORATION; Kent Barley; Stanley Bauserman;
Harvey L. Brumback; Drilake Farms, Inc.; Ewers Orchards;
Fruit Hill Orchard; Glaize Virginia Orchards; W.R. Kiser;
Mark-Miller Orchards; Roy McDonald; Harold G. Nichols;
Orchard Management Company; R & T Packing; REB & Company;
D.K. Russell & Sons, Inc.; Ronald Snapp; Bruce Swing;
Timber Ridge Fruit Farm; Westwood Farm, Inc.; Witham
Orchards, Inc.; Robert Wyatt; Triple S. Associates; White
Hall Orchards, Plaintiffs-Appellees,
v.
Osman ETIENNE, Defendant-Appellant,
and
Department of Labor; William E. Brock, Secretary, United
States Department of Labor; William Haltigan,
Regional Administrator; Richard Panati,
Certifying Officer, Defendants.
 Nos. 86-2609(L), 86-2611.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 29, 1987.
Decided April 15, 1987.
 
 Before RUSSELL, WIDENER and SPROUSE, Circuit Judges.
 Eugene A. Beatty, William Kanter, Michael Kimmel, Sandra M. Schraibman, Richard K. Willard, Drake Stephen Cutini, Office of the United States Department of Justice; Harry L. Sheinfeld, Louise L. Cavanaugh, Charles D. Raymond, Office of the United States Department of Labor; John Perry Alderman, Office of the United States Attorney, for appellants Department of Labor, Brock, Haltigan and Panati.
 Garry G. Geffert, West Virginia Services Plan, Inc.; Holly Stemler Peters, Legal Aid Society of Roanoke Valley; James Robert Cromwell, Virginia Legal Aid Society; Edward John Tuddenham, Migrant Legal Action Program, Inc.; Gregory Scott Schell, Susan Compernolle, Keith Talbot, Legal Aid Bureau, Inc., for appellant Etienne.
 Thomas Edward Wilson, Seyfarth, Shaw, Fairweather & Geraldson; W.A. Johnston, Harrison & Johnston, for appellees.
 PER CURIAM:
 
 
 1
 This is a consolidated appeal from a preliminary injunction entered by the United States District Court for the Western District of Virginia. The injunction barred the United States Department of Labor (DOL) from rejecting discretionary bonus language in the 1986 job certification application of Senseny South Corp. (Senseny), a group of twenty-three apple growers from Virginia and West Virginia who employ migrant farm workers to harvest their crop.
 
 
 2
 Before the Court is Senseny's motion to dismiss this appeal as moot. Senseny's position is that the 1986 apple harvest has ended and that appellate review should be postponed until the district court decides whether to enter a permanent injunction. To support its argument, Senseny cites as dispositive our decision in Frederick County Fruit Growers Association v. Marshall, Nos. 78-1608, 78-1738 (4th Cir., March 20, 1979) (unpublished). Frederick County involved an appeal from a preliminary injunction ordering that foreign workers be allowed to enter the United States to harvest the 1978 apple crop. This Court dismissed the appeal as moot, reasoning that once the 1978 season ended, so did the preliminary injunction's applicability. Id. at 4-5.
 
 
 3
 Both DOL and Osman Etienne, the defendant-intervenor below, oppose the motion to dismiss. They contend that the issue in this case is whether the district court properly applied the standards governing issuance of a preliminary injunction permitting a major discrepancy between wages paid foreign workers and those paid domestic workers. This core issue, they maintain, is one "capable of repetition yet evading review," see Feller v. Brock, 802 F.2d 722, 725 n. 3 (4th Cir.1986), and therefore the appeal should not be dismissed. Frederick County is distinguished as a case in which the merits, rather than the standards for issuing an injunction, were at issue.
 
 
 4
 In its reply memorandum, Senseny agrees that the issue on appeal is whether the preliminary injunction standards, especially those of irreparable injury and public interest, were correctly applied. See Blackwelder Furniture Co. v. Seiliq Manufacturing Co., 550 F.2d 189, 193 (4th Cir.1977). However, Senseny points out that this issue cannot be reached if the threshold issue of the appeal's mootness is decided in Senseny's favor.
 
 
 5
 We agree with Senseny that the appeal is moot and accordingly grant its motion to dismiss the appeal. There is nothing to be gained by deciding whether the district court abused its discretion in applying the preliminary injunction standards because the 1986 harvest has ended and any disputed bonuses have been paid.
 
 
 6
 The appeal is moot, and the "capable of repetition, yet evading review" exception to the mootness doctrine is inapplicable. That exception would permit review only if: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." Weinstein v. Bradford, 423 U.S. 147, 149 (1975). Unlike the situation in Feller, the bonus issue central to this case has not been shown to be an annual dispute. Cf. Feller v. Brock, 802 F.2d 722, 725 n. 3 (4th Cir.1986). At issue here are bonus payments by certain growers to certain workers for the 1986 season only.
 
 
 7
 As the dispositive issues recently have been decided authoritatively, we dispense with oral argument. The motion to dismiss the appeal is granted. As this appeal was taken from the denial of preliminary injunctive relief, the case is remanded for further proceedings in the district court.
 
 
 8
 DISMISSED.