AMERSI ENTERPRISES, INC. and
Salim Amersi, Plaintiffs,

v.

IMMIGRATION AND NATURALIZA-
TION SERVICE, Defendant.

No. 88–CV–296.

United States District Court,
N.D. New York.

July 19, 1990.

Troutman Sanders Lockerman & Ash-
more (Dale M. Schwartz, of counsel), Atlan-
ta, Ga., for plaintiffs.

Donald A. Couvillon, Office of Immigra-
tion Litigation, Civ. Div., Dept. of Justice,
Washington, D.C., for defendant.

MEMORANDUM–DECISION
AND ORDER

McCURN, Chief Judge.

BACKGROUND

Plaintiffs, Amersi Enterprises, Inc., ("the
corporation"), and Salim Amersi, its presi-
dent and chief executive officer, filed an
action on March 22, 1988, seeking a declar-
atory judgment pursuant to 28 U.S.C.
§ 2202, which would reverse the INS' deni-
al of plaintiff Amersi's nonimmigrant visa
petition and application for change of non-
immigrant status. Additionally, plaintiffs
sought a declaratory judgement invalidat-
ing 8 C.F.R. § 214.2(1)(1)(ii)(B), (C) (1988),
as being an unconstitutional denial of L–1
nonimmigrant visa petitions to small busi-
nesses and to executives and managers of
small businesses.

Subsequent to the filing of this action,
Amersi acquired permanent residency sta-
tus through the "lottery" for persons seek-
ing to enter the United States from certain
countries.

Following this change in Amersi's status,
defendant moved to dismiss the action on
the basis that plaintiff's obtaining an immi-
grant status as a permanent resident "ex-
ceeds the demands of the complaint and
renders the claim beyond remedy, and
therefore moot." (Defendant's Motion to
Dismiss, p. 2).

Amersi Enterprises, Inc. maintains that
it has a cognizable interest in the outcome
of this action despite the change in Amer-
si's status "due to the likelihood that it will
bring similar actions against the INS for
other employees" in the future. (Plain-

tiffs' reply, p. 2). Therefore, the corporation wishes to continue the litigation. Also pending before this court is plaintiffs' motion for summary judgment filed March 20, 1990 concurrent with the filing of defendant's said motion.

## DISCUSSION

■ In support of its argument that the case is not moot, plaintiff relies on *Ross v. Marshall*, 651 F.2d 846 (2d Cir.1981). In that case, an alien reapplied for a labor certification while an appeal was pending on the INS' denial of the original application. The *Marshall* court held that the new application did not moot the case because all new applications were to be handled on a first-come, first-served basis. Therefore, if plaintiffs were to abandon their appeal, they would be put "in a substantially less favorable position." *Id.* at 849. The parties therefore retained a legally cognizable interest in the outcome of the case.

Amersi Enterprises claims that it will also be in a substantially less favorable position if its complaint is dismissed and that the *Marshall* holding should apply. However, this holding has no application here. While the plaintiff in *Marshall* had not yet attained his desired status, Salim Amersi has achieved permanent residency. The mere fact that the corporation may some day wish to file a similar action on behalf of other employees does not begin to compare to the plaintiff's interest in *Marshall*.

Plaintiffs' reliance on *Chadha v. INS*, 634 F.2d 408 (9th Cir.1980), aff'd, 462 U.S. 919, 103 S.Ct. 2764, 77 L.Ed.2d 317 (1983), is similarly misplaced. In *Chadha*, plaintiff had married an American citizen, making him eligible for an immediate relative petition while his appeal of an INS order was pending. In holding that this eligibility did not moot plaintiff's case, the court noted that "marriage confers neither permanent resident status nor a guarantee thereof. Until an immediate relative petition is filed, Chadha remains subject to a final order of deportation." *Id.* at 417, fn

6. In contrast, Amersi's status is permanent and in no danger of reversal.

■ Plaintiffs also suggest that their case is not moot in that it is "capable of repetition, yet evading review." However, under the two-part test set forth in *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 348, 46 L.Ed.2d 350 (1975), this claim must fail. While it may be true that "the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration," *Id.*, thus meeting the first part of the *Bradford* test, there is no "reasonable expectation that the same complaining party would be subjected to the same action again." *Id.* Amersi, having obtained permanent residency, can never be denied that status by the INS. Nor can the corporation be denied the benefit of his managerial services. Thus, plaintiffs' claim does not fall within the "capable of repetition, yet evading review" exception to the mootness doctrine.

Finally, plaintiffs' suggestion that its case "resembles more a 'class action suit' which is governed by a less restrictive standard for mootness" can be summarily dismissed. Their pleadings in no way indicate any resemblance to a class action, and there is no factual justification for this comparison.

The law under the Federal Declaratory Judgement Act, 28 U.S.C. §§ 2201, 2202, under which plaintiffs seek relief, is well settled.

> [T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgement.

*Golden v. Zwickler*, 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969).

The injuries of which plaintiffs complain were that Amersi would have to leave the United States and that the corporation would be deprived of its key executive. Clearly, Amersi's status as a permanent resident eliminates this injury. Thus there is no "actual, ongoing controversy" be-

tween the litigants as is required for jurisdiction in the federal courts.

Plaintiffs' suggestion that the corporation "will suffer to its detriment if it has to file a new suit for another employee to have the same issue resolved" (Plaintiffs' Reply to Defendant's Motion to Dismiss, page 8) presents the court with a hypothetical situation. It is settled law that a controversy is justiciable only if it presents the plaintiff with a present danger, and not one which is contingent upon the happening of future events. *See, e.g., Eccles v. Peoples Bank of Lakewood Village*, 333 U.S. 426, 68 S.Ct. 641, 92 L.Ed. 784 (1948); *Belle-fonte Reinsurance Co. v. Aetna Casualty & Surety Co.*, 590 F.Supp. 187 (S.D.N.Y. 1984).

Since no present controversy exists, plaintiffs' case is moot and the court accordingly grants defendant's motion to dismiss and denies plaintiffs' motion for summary judgment.

IT IS SO ORDERED.