929 F.2d 703
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Arnold R. HUSKEY, Petitioner-Appellant,
v.
John L. CLARK, Warden, Respondent-Appellee.
 No. 90-3065.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 20, 1991.*
Decided March 29, 1991.
 
 Appeal from the United States District Court for the Southern District of Illinois, East St. Louis Division, No. 90 C 3095, William D. Stiehl, Judge.
 S.D.Ill.
 VACATED AND REMANDED.
 Before CUDAHY, EASTERBROOK and RIPPLE, Circuit Judges.
 
 Order
 
 1
 In January 1990 Arnold R. Huskey filed a petition for a writ of habeas corpus, challenging the United States Parole Commission's failure to provide him with a parole hearing after he had served more than one third of his sentence. Huskey requested parole or release to the state of Oregon so that he could begin serving his life sentence; he did not seek damages. On September 4, 1990, the district court, adopting the magistrate judge's recommendation, dismissed the petition for failure to exhaust administrative remedies as required by Sanchez v. Miller, 792 F.2d 694, 697 (7th Cir.1986), cert. denied, 479 U.S. 1056 (1987).
 
 
 2
 Huskey does not challenge the district court's dismissal of his petition. Instead he argues that the court erred by requiring him to exhaust his claim through the Bureau of Prisons Administrative Remedy Procedure. See 28 C.F.R. Sec. 542.10, et seq. (setting forth the procedure by which an inmate may seek formal review of complaints relating to any aspect of his imprisonment). Huskey requests that this court reverse the district court because by allowing its decision to stand, we will be setting "erroneous precedent." We express no opinion concerning the merits of Huskey's argument, because his claim is moot.
 
 
 3
 The remedy for the claim alleged in Huskey's petition would be to direct the Parole Commission to hold an initial hearing. This the Parole Commission did in October 1990. The parties have no remaining controversy. See Weinstein v. Bradford, 423 U.S. 147, 149 (1975), holding that a case such as this remains live only if there is "reasonable expectation that the same complaining party would be subjected to the same action again". No "reasonable possibility" exists that Huskey will again be denied an initial parole hearing.
 
 
 4
 Accordingly, we vacate the district court's judgment and remand with instructions to dismiss the case as moot.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record