986 F.2d 1425
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gerald WARD, Plaintiff-Appellant,
v.
STATE BOARD OF ELECTIONS, et al., Defendants-Appellees.
 No. 92-1085.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 18, 1993.*
Decided March 1, 1993.
 
 Before BAUER, Chief Judge, and EASTERBROOK and RIPPLE, Circuit Judges.
 
 Order
 
 1
 Gerald Ward ran as a write-in candidate in the 1991 primary election for the position of alderman in Chicago's 20th Ward. He lost and filed this suit contesting the method used to conduct write-in voting.
 
 
 2
 The district court dismissed Ward's complaint on the merits, not pausing to discuss a number of jurisdictional objections raised by the defendants. The first of these--that the State Board of Elections, as an arm of the State of Illinois, is on account of the eleventh amendment not amenable to suit in federal court--blocks the action at the outset against the principal defendant. See Stevenson v. State Board of Elections, 794 F.2d 1176, 1177 (7th Cir.1986). So, too, there is a jurisdictional bar to suing the State of Illinois in its own name. Ward's first two complaints named the State as a defendant; the third did not, and we take this as an abandonment of any claim against the State (which we have therefore removed from the caption). Defendants' objections dealing with deficient service of process have not been pressed on appeal, so we proceed to consider the claims against the natural persons named in the most recent amendment of the complaint.
 
 
 3
 The primary election of 1991 is over, and the several versions of the complaint, all filed in 1992, do not allege that Ward plans to run a write-in campaign in the future. This presents still another jurisdictional problem: the potential absence of a case or controversy. Challenges to elections may be capable of repetition yet evading review, which keeps a case alive if the same parties may again be embroiled in the dispute. Weinstein v. Bradford, 423 U.S. 147 (1975). Nothing in the record suggests that these parties will again contest these issues. The case is justiciable nonetheless, because Ward asked the district court to declare the outcome of the election invalid. The possibility of such a remedy, leading to a new primary for the same position at which Ward apparently wants to run again, keeps the dispute alive.
 
 
 4
 Ward gains nothing from this conclusion, however. His appellate brief does not make an argument based on the Constitution or other federal law. Instead he argues that the design of the ballot, instructions, and envelope violated state law. He is in the wrong forum for such a contention. Moreover, his argument that the ballot envelopes were invalid because they were not large enough to hold write-in votes for a full slate of candidates was not presented to the district court, and is therefore waived.
 
 
 5
 The judgment with respect to the State Board of Elections is vacated, and the case is remanded so that this portion of the action may be dismissed for want of jurisdiction. The judgment with respect to the natural persons is affirmed.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record