38 F.3d 1220
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ronnie ROBINSON, Plaintiff-Appellant,
v.
Michael CODY, Defendant-Appellee.
 No. 93-6420.
 United States Court of Appeals, Tenth Circuit.
 Oct. 18, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has unanimously determined that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district court adopting the report and recommendations of a magistrate judge and granting summary judgment in favor of appellee. Appellant filed this action pursuant to 42 U.S.C.1983 alleging that appellee had violated his constitutional rights by requiring his compliance with the Oklahoma Department of Corrections Grooming Code. Appellant claims that this requirement of compliance violated his right to freedom of religious expression when he was denied an exemption to the Grooming Code. Appellee filed in this court a motion to dismiss on the grounds that the Department of Corrections no longer enforces the Grooming Code which was in effect at the time this action was filed. In appellant's response to the motion to dismiss, appellant concedes that the policy is "temporarily dormant," thereby conceding that the Grooming Code is no longer in effect and that appellant is no longer subject to the constraints of that code.
 
 
 3
 A court may grant declaratory relief only "[i]n a case of actual controversy." 28 U.S.C. 2201. In order for an actual controversy to exist, the test is not whether a controversy may have existed at one time; "the proper inquiry [is] whether a controversy' requisite to relief under the Declaratory Judgment Act existed at the time of the hearing." Golden v. Zwickler, 394 U.S. 103, 108 (1969). See also Schepp v. Fremont County, Wyo., 900 F.2d 1448 (10th Cir.1990). As appellant concedes, the state has rescinded its policy since the filing of this lawsuit.
 
 
 4
 Appellant's arguments also do not fit into any exception to the mootness doctrine. This is not one of those cases in which the alleged constitutional violations are capable of repetition yet evade review. See, e.g., Weinstein v. Bradford, 423 U.S. 147, 149 (1975). Therefore, we find that the case is moot and DISMISS this appeal. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470