97 F.3d 1445
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Zenaphon R. DEMERIS d/b/a Aki's Gulf, Plaintiff-Appellee,
v.
CUMBERLAND FARMS, INC., Defendant-Appellant.
 No. 96-1573.
 United States Court of Appeals, First Circuit.
 Oct. 10, 1996.
 
 Paul D. Sanson, with whom Glenn M. Cunningham, Shipman & Goodwin and Mark G. Howard were on brief for appellant.
 Steven E. Kramer, with whom Stanley A. Brooks and Wellesley Law Associates were on brief for appellee.
 D.Mass.
 DISMISSED.
 Before TORRUELLA, Chief Judge and BOUDIN, Circuit Judge, and LISI,* District Judge.
 PER CURIAM.
 
 
 1
 This is an appeal by Cumberland Farms, Inc. ("Cumberland") from a preliminary injunction granted to Zenaphon R. Demeris, d/b/a Aki's Gulf ("Demeris") pursuant to the Petroleum Marketing Practices Act, 15 U.S.C. §§ 2801, et seq. (the "Act").
 
 
 2
 Demeris was a franchisee of Cumberland motor fuel products and rented one of its gasoline stations. A dispute arose regarding the respective rights of Demeris and Cumberland when the latter attempted to terminate the franchise agreement. Demeris sought and was granted a preliminary injunction to prevent Cumberland from effectuating the termination. By its own terms, the preliminary injunction dissolved as of August 1, 1996, a date which coincided with the termination period of the franchise agreement.
 
 
 3
 Cumberland's main claim is that the District Court abused its discretion and committed errors of law when it granted the preliminary injunction to Demeris, due to Cumberland's clear legal right to terminate Demeris's franchise under 15 U.S.C. § 2802. However, after reviewing the briefs filed by the parties after oral arguments, which indicated the present status of the franchise agreement and briefed the issue of mootness, we conclude that Comberland's claim is moot.
 
 
 4
 It is undisputed that as of August 1, 1996, Demeris had vacated the premises in question. Furthermore, it is Demeris' stated position that "the franchise ceased operations on August 1 [consistent with] the terms of the injunction and [pursuant to] the parties' April 4 [settlement/franchise] agreement." It also appears that Demeris has "decided not to contest [Cumberland's rejection of the franchise assignment proposed by Demeris] and has so informed [Cumberland]."
 
 
 5
 It is well settled that a case is moot "when the issues presented are no longer 'live'." United States Parole Comm'n v. Geraghty, 445 U.S. 388, 395 (1980). The requirement that an actual case and controversy exist at the time a federal court renders its decision is a jurisdictional mandate of Article III of the Constitution, one that precludes the issuance of advisory or academic opinions. U.S. Const. art. III, § 2 et seq.; U.S. National Bank of Oregon v. Independent Ins. Agents of America, Inc., 508 U.S. 439, 446 (1993). Although some limited exceptions exist to a literal enforcement of this rule, see, e.g., Newspaper Guild of Salem, Local 105 v. Ottaway Newspapers, Inc., 79 F.3d 1273, 1277 (1st Cir.1996) ( quoting Weinstein v. Bradford, 423 U.S. 147, 149 (1975)) the instant case does not fit any of the narrow confines of these exceptions, Cumberland's arguments to the contrary notwithstanding. The preliminary injunction has expired, and Demeris has accepted Cumberland's rejection of his proposed assignee: simply put, the issues raised before us no longer exist. See generally Wright, Miller & Cooper, 13A Federal Practice & Procedure § 3533.2, at 231 (2d ed. 1984 & Supp.1996). If there are other issues pending between the parties, they are not properly before us on this appeal.
 
 
 6
 In conclusion, because the preliminary injunction is no longer in effect and the assignment of rights under the franchise agreement has been specifically waived by the only party who can claim them, we conclude that the issues raised by this appeal have been mooted. Dismissal of the appeal is therefore warranted.
 
 
 7
 So ordered. No costs.
 
 
 
 *
 Of the District of Rhode Island, sitting by designation