**MCDONNELL DOUGLAS CORPORATION,**
Plaintiff,

v.

**NATIONAL AERONAUTICS & SPACE ADMINISTRATION, Defendant.**

**No. 96–2611(RCL).**

United States District Court,
District of Columbia.

June 9, 2000.

Peter L. Wellington, Jerald S. Howe, Michael J. Vernick, Steptoe and Johnson LLP, Washington, D.C., for Plaintiff.

Michael J. Ryan, Assistant United States Attorney, Washington, D.C., for Defendant.

## MEMORANDUM OPINION

LAMBERTH, District Judge.

This matter comes before the Court on Plaintiff McDonnell Douglas Aerospace Corporation's ("MDA") Motion for Judgment Pursuant to Appellate Mandate. For the following reasons, the Court finds the case to be moot and it is dismissed.

### I. Background

In December 1994, Defendant National Aeronautics & Space Administration ("NASA") issued a solicitation of bids relating to its need for expendable launch vehicle services. The solicitation requested, among other information, the submission of proposed prices for a number of contract line items. MDA submitted a bid which NASA accepted. On February 27, 1996, the parties executed a contract which contained the pricing information at issue in this lawsuit.

Subsequently, NASA received a Freedom of Information Act ("FOIA") request for a copy of the MDA contract. NASA requested comment from MDA regarding the FOIA request. After NASA reviewed MDA's objections to disclosure of certain pricing information, NASA issued a "Notice of Intent to Release Information" letter. MDA responded, raising new objections, further explaining its previous objections, and asking NASA to reconsider the planned disclosure.

On November 18, 1996, MDA filed suit under the Administrative Procedures Act ("APA"), seeking to permanently en-

join NASA from disclosing the pricing information. MDA claimed that NASA's decision to release various prices, incentive amounts, and billing arrangements relating to the contract was arbitrary and capricious. MDA also claimed that the information at issue is protected from disclosure by exemption four of the FOIA, 5 U.S.C. § 552(b)(4) (1994), and the Trade Secrets Act, 18 U.S.C. § 1905 (1994).

The parties filed cross-motions for summary judgment in this Court. NASA sought to disclose the information at issue to the FOIA requester and MDA sought a permanent injunction barring the disclosure. By memorandum opinion and order dated October 10, 1997, this Court granted Defendant NASA's motion for summary judgment, denied Plaintiff MDA's cross-motion for summary judgment, and dismissed the case.

MDA appealed the dismissal, and the Court of Appeals for the District of Columbia Circuit reversed. By order and opinion dated June 25, 1999, the Court of Appeals held that the contract line item pricing information at issue in this lawsuit is exempt from disclosure under FOIA exemption four pursuant to the Trade Secrets Act. Subsequently, Plaintiff MDA made a motion to this Court for judgment pursuant to appellate mandate.

After the parties briefed the Court on Plaintiff's motion, Defendant NASA informed the Court that the FOIA request underlying this litigation had been withdrawn by the requester, FOIA Group, Inc., by letter dated February 9, 2000. (Def.'s Mem. to Ct., filed March 1, 2000, Attach. 1.) NASA also informed the Court that prior to that withdrawal, NASA received another request for the same information

from The Aerospace Corporation ("Aerospace"), dated December 15, 1999. (*Id.* at 1.) [1]

## II. Analysis

In light of the withdrawal of the FOIA request underlying this litigation, the Court must answer the threshold question of whether the case is moot. "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

A reverse FOIA suit, such as the instant case, is moot when the FOIA request that is the underlying basis for the suit is withdrawn by the requester. *Gulf Oil Corp. v. Brock*, 778 F.2d 834, 843 (D.C.Cir.1985). In *Gulf Oil*, plaintiff Gulf Oil Corporation ("Gulf") brought a reverse FOIA action to enjoin defendant Department of Labor ("DOL") from disclosing an affirmative action plan to the National Organization of Women ("NOW"). *Id.* at 837. NOW had requested the plan under FOIA, but withdrew the request during the litigation between Gulf and DOL. *Id.* at 837. When NOW withdrew its request it "mooted the live dispute that was once before the District Court." *Id.* at 838. Likewise, when the FOIA Group withdrew its request to NASA, it mooted the live dispute that was once before this Court.

 Despite the withdrawal of the FOIA Group's request to NASA, Plaintiff MDA asserts that the case is not moot. MDA argues that "given prospect of further requests for access to similar information, 'the-capable-of-repetition-yet-evading-review doctrine saves the case from mootness'." (Pl.'s Resp. to Def.'s Mem. to Ct.,

---

1. In its request to NASA, Aerospace stated that NASA should "feel free to remove or black out any information necessary as it is unlikely to be the information we are interested in." (Def.'s Mem. to Ct., filed March 1, 2000, Attach. 2.) NASA informed the Court that it "does not propose to release the contract prices at issue in this case in response to

Aerospace's request." (*Id.* at 1.) NASA has not indicated, and this Court does not know, whether NASA has responded to Aerospace's request, whether Aerospace has appealed any response administratively or whether Aerospace has filed a lawsuit concerning its FOIA request.

filed March 3, 2000, at 2, n. 2 (quoting *In re Motions of Dow Jones & Co.*, 142 F.3d 496, 499 n. 3 (D.C.Cir.), *cert. denied*, 525 U.S. 820, 119 S.Ct. 60, 142 L.Ed.2d 47 (1998)).) Absent a class action, the "capable of repetition, yet evading review" doctrine is "limited to the situation where two elements combined: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975).

In *Dow Jones*, a number of media outlets moved for access to district court proceedings and pleadings relating to a grand jury investigation. *Dow Jones*, 142 F.3d at 498. The judge denied the motions for access and the media appealed. Although two of the hearings had concluded, the Court of Appeals for the District of Columbia Circuit decided the case nonetheless, noting that "the capable-of-repetition-yet-evading-review doctrine saves the case from mootness." *Id.* at 499. *Dow Jones* was saved from mootness under the *Bradford* criteria because 1) the district court proceedings were too short in duration for the issue of media access to be fully litigated prior to the proceedings' expiration, and 2) there was a reasonable expectation that the media would be denied access to future proceedings. *See Bradford*, 423 U.S. at 149, 96 S.Ct. 347.

■ The instant case is distinguishable from *Dow Jones*. The "capable of repetition, yet evading review" doctrine does not apply to FOIA disclosures. *Gulf Oil*, 778 F.2d at 839. In *Gulf Oil*, the Court of Appeals stated that

. [t]he prolonged proceedings of this case are testimony that the first requirement under the "capable of repetition, yet evading review" exception is not met with regard to FOIA disclosures. DOL notified Gulf of NOW's request for the 1973 plan, gave Gulf an opportunity to oppose the disclosure, and notified Gulf of the decision to disclose and agreed not to disclose the plan pending a judicial determination on the merits. When NOW withdrew its request eleven years later, the document still had not been disclosed.

*Id.* at 839. This scenario is analogous to the instant case. Here, as in *Gulf Oil*, the first requirement of the "capable of repetition, yet evading review" doctrine has not been met. NASA's attempted disclosure was *not* too short in its duration to be fully litigated prior to its cessation or expiration. When the FOIA Group withdrew its request, the pricing information still had not been disclosed by NASA. Although this case is moot, it is important to note that MDA "will undoubtedly be accorded a similar opportunity to litigate fully any future decision to disclose a document." *Id.* at 839.

In addition, the instant case fails to meet the second criterion under *Bradford*, 423 U.S. at 149, 96 S.Ct. 347. There is no reasonable expectation that Plaintiff MDA will be subjected to the same action again. Specifically, it is not reasonable to expect NASA to disclose the information at issue. NASA has given no indication that it intends to contravene the Court of Appeals decision in this case. First, subsequent to the Court of Appeals decision and Plaintiff's Motion for Judgment Pursuant to Appellate Mandate, this Court granted a motion to defer further briefing and decision so that the government could consider seeking further review of the this issue by the Supreme Court. Ultimately, the government decided not to file a petition for a writ of certiorari with the Supreme Court, thereby acquiescing to the Court of Appeals decision. Second, NASA informed this Court that it does not propose to release the information at issue in response to Aerospace's FOIA request.

MDA also argues that despite the withdrawal of the original request (and partly because of the submission of another request) a permanent injunction barring

**24**

NASA from disclosing the pricing information is "necessitated by the very real possibility that release might occur in the absence of an injunction." (Pl.'s Resp. to Def.'s Mem. to Ct., filed March 3, 2000, at 1.) MDA gives two reasons for this. First, MDA cites the possibility of additional requests for the same information by other requesters, including the request from Aerospace. (*Id.* at 2.) Second, MDA notes that the original request was submitted through an intermediary (the FOIA Group) on behalf of an anonymous client who could replicate the request through another intermediary. (*Id.* at 2.)

Although the Court is sympathetic to MDA's concerns and the Court itself would not like to expend any additional resources on reverse FOIA litigation between MDA and NASA concerning the pricing information at issue, the doctrine of mootness governs the disposition. However, unless circumstances change, any further reverse FOIA litigation between MDA and NASA concerning the information at issue shall be governed by the Court of Appeals decision dated June 25, 1999.

### III. Conclusion

This lawsuit has been rendered moot because 1) the underlying FOIA request has been withdrawn, and 2) the Court knows of no other reverse FOIA litigation pending between MDA and NASA concerning the information at issue. Accordingly, the case will be dismissed in a separate order issued this date.

SO ORDERED.

### ORDER AND JUDGMENT

This case comes before the Court on Plaintiff's Motion for Judgment Pursuant to Appellate Mandate. Upon consideration of that motion, defendant's response, and the entire record herein, for the reasons stated in an accompanying memorandum opinion, it is hereby

ORDERED that Plaintiff's motion is DENIED as moot; and it is

FURTHER ORDERED that the case is DISMISSED as moot.

SO ORDERED.