George L. FORBES, et al.,
Plaintiffs–Appellees,

v.

The BOARD OF DIRECTORS FOR the NATIONAL ASSOCIATION FOR the ADVANCEMENT OF COLORED PEOPLE, Defendant–Appellant.

No. 02–3960.

United States Court of Appeals,
Sixth Circuit.

May 8, 2003.

Before RYAN, CLAY, and GIBBONS, Circuit Judges.

### ORDER

The defendant, the Board of Directors of the National Association for the Advancement of Colored People (the "NAACP"), appeals a permanent injunction requiring it to comply with its Constitution and provide a hearing to the plaintiffs before removing them from their positions as officers and Board member of the Cleveland Branch of the NAACP for failing to comply with a mandatory training policy. The plaintiffs now move to dismiss the appeal as moot. The NAACP opposes the motion to dismiss.

"Under Article III of the Constitution, our jurisdiction extends only to actual cases and controversies. We have no power to adjudicate disputes which are moot." *McPherson v. Michigan High Sch. Athletic Ass'n. Inc.*, 119 F.3d 453, 458 (6th Cir. 1997) (en banc), *quoting Crane v. Indiana High Sch. Athletic Ass'n.* 975 F.2d 1315, 1318 (7th Cir.1992) (citations omitted). "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Gottfried v. Medical Planning Services, Inc.*, 280 F.3d 684, 691 (6th Cir.2002).

The plaintiffs assert that this action is moot because the terms of office of the plaintiffs expired on December 31, 2002. New officers and Board Members have been elected and installed, and the plaintiffs have provided evidence that they have now completed the mandatory training required by the NAACP. The NAACP argues that the litigation is not moot because the controversy is "capable of repetition, yet evading review." This exception to mootness, however, is limited to situations were both the duration of the challenged action is too short to be fully litigated and there is a reasonable expectation that the complaining party will be subject to the same action again. *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) (per curiam). With the election, installation and training of new officers of the Cleveland Branch, there is no reasonable expectation that the plaintiffs or other officers will once again refuse to participate in required training and be summarily removed from office. *See Honig v. Doe,* 484 U.S. 305, 320, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988) (Noting that the Court has "been unwilling to assume that the

party seeking relief will repeat the type of misconduct that would once again place him or her at risk of that injury.").

Therefore, the motion to dismiss this appeal as moot is **GRANTED.** The district court's judgment is **VACATED,** and this case is **REMANDED** to the district court which is directed to dismiss the action for lack of subject matter jurisdiction.