**State's Motion Granted; Appellant's Motion Denied; Appeal Dismissed and Memorandum Opinion filed February 6, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00647-CR

---

### EX PARTE TIMOTHY RAY BRADSHAW, Appellant

---

### On Appeal from the 232nd District Court
### Harris County, Texas
### Trial Court Cause No. 1385423

---

## M E M O R A N D U M   O P I N I O N

Appellant Timothy Ray Bradshaw appeals from the trial court's order denying his pretrial application for writ of habeas corpus.

Appellant was indicted for failure to comply with civil commitment requirements. He filed a pretrial application for writ of habeas corpus challenging the constitutionality of the charges against him and Texas Health and Safety Code sections 841.082, 841.085, and 841.141. On January 24, 2014, the trial court

granted the State's motion to dismiss the underlying charge of failure to comply with a civil commitment order.

Appellant filed a motion to proceed on the merits of the case, or in the alternative, motion to abate for a hearing to determine whether his claim warrants an exception to the mootness doctrine. The State responded to appellant's motion by filing a motion to dismiss on mootness grounds.

The mootness doctrine limits courts to deciding cases in which an actual controversy exists. *Ex parte Flores*, 130 S.W.3d 100, 104–05 (Tex. App.—El Paso 2003, pet. ref'd). When there has ceased to be a controversy between the litigating parties, which is due to events occurring after judgment has been rendered by the trial court, the decision of an appellate court would be a mere academic exercise and the court may not decide the appeal. *Id.* A case that is moot is normally not justiciable. *Pharris v. State*, 165 S.W.3d 681, 687–88 (Tex. Crim. App. 2005).

One of the exceptions to the general rule is when a claim is "capable of repetition, yet evading review." The United States Supreme Court has said that "the 'capable of repetition but evading review' doctrine [is] limited to the situation where two elements combine: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975). The Texas Court of Criminal Appeals has adopted and applied this doctrine. *See Pharris*, 165 S.W.3d at 688.

Assuming arguendo that the challenged action here was too short in duration to be fully litigated prior to the State's dismissal of the charges, appellant cannot show that he would be subjected to the same action again because the State dismissed all criminal charges that were filed against him in this case. *Cf. id.* at

2

688–89 (holding Pharris would be likely subjected to same no bond condition again because State had filed multiple charges against him and represented that it would be filing more charges against him in that case). We conclude the capable of repetition but evading review exception does not apply to this case.

We deny appellant's motion to proceed on the merits or motion to abate, and grant the State's motion to dismiss.

Accordingly, the appeal is dismissed.


PER CURIAM


Panel consists of Justices Boyce, Christopher, and Brown.
Do Not Publish — TEX. R. APP. P. 47.2(b).