**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3666
_____

OVERTON WAYNE PAULEY, on behalf of Asatru/Odinist Faith Community;
ZACHARY T. KING; DAVID J. GOWER; JASON SWISHER;
WILLIAM RAY RHOADES; WILLIAM J. THOMPSON;
STORMEY D. KISSELL; CHRISTOPHER D. BLACKBURN

v.

CHARLES E. SAMUELS, JR., FBOP Director; BOBBY L. MEEKS, Warden;
HOWARD BARRON, Assistant Warden; DOUG BAILY, Captain;
RICHARD GLOGAU, Supervisor Chaplain; BRIAN GRIMM, Assistant Chaplain;
SCOTT WILSON, Unit Manager BB; KEITH WILLIAMS, Unit Manager DA;
T. SMITH, BB Unit Case Counselor; CHASE FARREL, DA Unit Case Manager;
TINA SWANSON, Budget Analyst; SIS LT. MR. TROUNLEFIELD;
SIS LT. MR. ASHLEY; DAN BOYER, SOR

Overton Wayne Pauley, Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-15-cv-00158)
Magistrate Judge: Honorable Richard A. Lanzillo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 7, 2022

Before: MCKEE, SHWARTZ and MATEY, Circuit Judges

(Opinion filed: May 17, 2022)

_____

OPISION[*]

_____

PER CURIAM

Pro se appellant Overton Pauley is a federal prisoner who was previously incarcerated at the Federal Correctional Institution, McKean (FCI-McKean). In May 2015, he filed a complaint in Pennsylvania state court against the Director of the Bureau of Prisons and thirteen officials at FCI-McKean. He alleged that he was denied religious items, funds, and opportunities to practice Odinism,[1] in violation of, inter alia, the First, Fifth, and Eighth Amendments and the Religious Freedom Restoration Act of 1993 ("RFRA"), 42 U.S.C. § 2000bb, et seq.[2] Pauley sought injunctive and declaratory relief as well as monetary damages. The defendants removed the case to federal court, and the parties agreed to proceed before a Magistrate Judge.[3] See 28 U.S.C. § 636(c).

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Pauley describes Odinism as "an ancestral folk religion." Mem. Op. 1, ECF No. 131.

[2] Pauley originally had several co-plaintiffs (all fellow prisoners at FCI-McKean); however, all but one of them was dismissed from the case before the summary-judgment stage, and Pauley is the only one who is appealing here.

[3] In September 2016, the Magistrate Judge dismissed a number of Pauley's claims, including claims pursuant to the Religious Land Use & Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc, et seq. Pauley has abandoned these claims on appeal. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993).

2

In September 2019, following discovery, the Magistrate Judge granted summary judgment in favor of the defendants. The Magistrate Judge concluded that: (1) Pauley's request for injunctive relief had become moot in light of his transfer to a different federal prison; (2) his constitutional claims for damages could not proceed because none of them is cognizable under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971); and (3) the defendants were entitled to qualified immunity as to Pauley's claims under the RFRA. Pauley sought reconsideration, but the Magistrate Judge denied his request. This appeal followed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's grant of summary judgment. Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

We have reviewed the record and agree with the Magistrate Judge that, for substantially the reasons he provided, the defendants were entitled to summary judgment. We need not repeat the Magistrate Judge's thorough analysis here and address only the arguments Pauley raises on appeal.

Pauley first argues that the Magistrate Judge erred in granting defendants summary judgment on his claim that the defendants violated the RFRA by refusing to provide him with outdoor worship on a weekly basis. The Magistrate Judge determined that the defendants were entitled to qualified immunity as to this claim because Pauley failed to provide evidence sufficient to support a triable issue concerning whether the

3

prison's policies regarding outdoor practice substantially burdened his exercise of religion. See Mack v. Warden Loretto FCI, 839 F.3d 286, 304 (3d Cir. 2016) (explaining that a "substantial burden" exists where, inter alia, the "government puts substantial pressure on an adherent to substantially modify his behavior and to violate his beliefs" (quotation marks omitted)). Pauley now asserts that, in reaching this conclusion, the Magistrate Judge overlooked an affidavit he provided in which an Odinist expert stated that the Odinist religion requires outdoor services for congregate worship. We have reviewed the affidavit, however, and at no point did the affiant state that Odinists must congregate outdoors on a weekly basis.[4] We see no error in the Magistrate Judge's analysis of this claim.

Pauley also argues that the Magistrate Judge "failed to address the extremely long time it took [for the defendants] to provide some of the[] essential religious items and that delay placed a substantial burden on Pauley." Br. 2, ECF No. 27. As the defendants note, however, Pauley did not include this "delay" theory in his pleadings or seek leave to amend the pleadings. Therefore, the Magistrate Judge did not err in not addressing it. See Trishan Air, Inc. v. Fed. Ins. Co., 635 F.3d 422, 435 (9th Cir. 2011) (noting that "summary judgment is not a procedural second chance to flesh out inadequate pleadings"). In any event, the record evidence does not support a triable issue as to whether this delay substantially burdened Pauley's ability to exercise his faith.

---

[4] The Magistrate Judge denied as moot Pauley's post-judgment motion to take judicial notice of the affidavit, explaining that the information contained therein was repetitive of information in the summary judgment record. See Order, ECF No. 130.

Lastly, Pauley argues that the Magistrate Judge erred in failing to consider whether he could obtain a declaratory judgment on his constitutional claims. Pauley concedes that his transfer out of FCI-McKean mooted his request for injunctive relief but maintains that he can still obtain declaratory relief. We have previously made clear, however, that "[a]n inmate's transfer from the facility complained of generally moots the equitable and declaratory claims." Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003), as amended (May 29, 2003); see also Abdul-Akbar v. Watson, 4 F.3d 195, 197 (3d Cir. 1993) (concluding that former inmate's claim that the prison library's legal resources were constitutionally inadequate was moot because plaintiff was released five months before trial). Because nothing in the record suggests that Pauley will be transferred back to FCI-McKean, this general rule applies here.[5]

We have considered Pauley's remaining arguments on appeal and conclude that they are meritless. Accordingly, we will affirm the Magistrate Judge's judgment.

---

[5] The elements necessary to invoke the "capable of repetition" exception to the mootness doctrine are not present here. See Weinstein v. Bradford, 423 U.S. 147, 149 (1975).