**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 25 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| LAWRENCE ANDERSON, as trustee for the Lawrence T. Anderson and Suzanne M. Anderson Joint Revocable Living Trust; ROBERT ERHART; NORA ERHART; TJARDA CLAGETT, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> BOYNE USA, INC.; BOYNE PROPERTIES, INC.; SUMMIT HOTEL, LLC, <br><br> Defendants-Appellants. | No.   23-35191 <br><br> D.C. No. 2:21-cv-00095-BMM <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Argued and Submitted September 13, 2023

Before:  W. FLETCHER, R. NELSON, and COLLINS, Circuit Judges.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

The order from which this appeal was taken prohibited Defendants-Appellants from terminating Plaintiffs-Appellees' Rental Management Agreements for a period of 60 days beginning February 23, 2023. The parties agreed that the district court orally extended the order at an April 12, 2023 telephonic conference that was not transcribed, but they disagreed as to the length of the extension, and the court's minute order did not address the point. The district court has now clarified that the April 12, 2023 oral ruling only extended the order for an additional 60 days. The order was not extended further and now "has expired and no longer is in effect."

The expiration of the district court's order has mooted this appeal. Appellants argue that we may nonetheless hear their appeal under the exception from mootness for disputes that are capable of repetition, yet evading review. *See Turner v. Rogers*, 564 U.S. 431, 439 (2011). This exception requires there to be "a reasonable expectation that the same complaining party [will] be subjected to the same action again." *Id.* at 440 (alteration in original) (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (per curiam)). The district court has made clear that it issued the order to address concerns about "the integrity of the class certification process" and that its certification of the class in June 2023 "extinguished these concerns." Accordingly, this appeal is moot.

**DISMISSED.**