**TOWN OF CHARLESTOWN and Donald J. Dinucci, in his official capacity as the zoning and building official of the Town of Charlestown, Plaintiffs,**

v.

**NYNEX MOBILE COMMUNICATIONS COMPANY; Mirra Company, Inc.; and their agents, servants, employees, and independent contractors, and others unknown engaging in construction on certain property in the Town of Charlestown, Defendants.**

**C.A. No. 93–597L.**

United States District Court,
D. Rhode Island.

Aug. 21, 1996.

Bruce N. Goodsell, Phillip M. Sloan, Town of Charlestown Solicitor, Westerly, RI, for Plaintiffs.

Mark B. Morse, Providence, RI, for Defendants.

### MEMORANDUM AND ORDER

LAGUEUX, Chief Judge.

This matter is before the Court on cross motions for summary judgment. The parties dispute whether the Town of Charlestown (the "town") has regulatory authority over a private actor who is constructing a cellular communications tower on non-settlement lands owned by the Narragansett Indian Tribe.[1] Defendant Nynex Mobile Communications Company ("Nynex") began construction of the tower on October 1, 1993; the town issued a stop work order on October 13, 1993, and this litigation ensued.

On November 30, 1995, during oral argument on the present cross motions, the Court learned of a settlement entered into by the parties on May 5, 1995. Nynex, the town, and their confederates agreed that 1) the communications tower would be built as planned, and 2) Nynex would accept the town's regulatory jurisdiction insofar as deemed applicable by Judge Ernest C. Torres of this Court in the related matter of *Narragansett Indian Tribe of Rhode Island v. Narragansett Electric Co.*, 878 F.Supp. 349 (D.R.I.1995). *See Agreed Statement of Facts* at ¶¶ 16–17 (enumerating the terms of the parties' settlement). Upon hearing of the agreement, this Court requested memoranda on the question of mootness.

■■■■ The Court now concludes that the May 5, 1995 settlement rendered this case moot, thus stripping this Court of subject matter jurisdiction. *Anderson v. Cryovac*, 805 F.2d 1, 4 (1st Cir.1986) ("Federal jurisdiction is limited to actual cases and controversies[.]") A case becomes moot " 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.' " *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396, 100 S.Ct. 1202, 1208, 63 L.Ed.2d 479 (1980) (quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491, 496 (1969)). As a result of the settlement, the tower will be built regardless. Similarly, the parties no longer have a cognizable legal interest in this Court's determination, as they have agreed to be bound by the jurisdictional result in the *Narragansett Electric* case, and they have settled any zoning or building code issues arising out of the placement and construction of the tower.

---

1. In 1978, the Narragansett Indian Tribe agreed to surrender its claims to aboriginal title to property in the Town of Charlestown in return for 1800 acres of land. The agreement was codified as the Rhode Island Indian Claims Settlement Act. 25 U.S.C. §§ 1701–1716 (1983). "Non-settlement land" is property outside the borders of the 1978 settlement.

Nor does this case fall within the exception to the mootness doctrine, which permits adjudication of an otherwise moot issue if "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350 (1975). Considering the first element of the *Weinstein* test, the Court takes note of the First Circuit's recent partial reversal of the district court in *Narragansett Indian Tribe of Rhode Island v. Narragansett Electric Co.,* 89 F.3d 908 (1st Cir.1996). The First Circuit ruled that the parcel of land upon which the Nynex tower stands is not Indian country, and thus is subject to state and local regulation as privately held fee land. *Narragansett Electric* at 921–22. The "challenged action" here— the town's assertion of regulatory jurisdiction over the plot of land owned by the tribe and leased to Nynex—has now been fully litigated, and the town has prevailed. In turn, the town will not be subjected to future declaratory judgment actions by Nynex, as the underlying legal questions have been resolved. The First Circuit's opinion in *Narragansett Electric* will govern the parties' ongoing relationship, in all respects.

The Court dismisses this matter as moot.

It is so ordered.