In Re FIRST ALLIANCE MORTGAGE COMPANY, a California corporation; First Alliance Corporation, a Delaware corporation; First Alliance Mortgage Company, a Minnesota corporation; and First Alliance Portfolio Services, a Nevada corporation.

AARP; Ida Mae Forrest, Appellants,

v.

First Alliance Mortgage Company, et al., Appellees.

No. SA CV 01–539 DOC.
Bankruptcy Nos. SA CV 01–540 DOC, SA 00–12370 LR, SA 00–12371 LR, SA 00–12372 LR, SA 00–12373 LR.
Adversary No. SA 00–1324 LR.

United States District Court, C.D. California.

Sept. 24, 2001.

Sheila Canavan, Phillip M. Steinbock, Steinbock & Hofmann, San Jose, CA, for Ida Mae Forrest, appellant.

Evan C. Borges, William N. Lobel, Jeffrey M. Reisner, Michael D. Neue, Irell & Manella, Newport Beach, CA, for First Alliance Corporation, a California corpora-tion, First Alliance Corporation, a Delaware corporation, First Alliance Mortgage Company, a Minnesota corporation, appellees.

Evan C. Borges, William N. Lobel, Richard S. Berger, Irell & Manella, Newport Beach, CA, for First Alliance Portfolio Services Inc, a Nevada corporation, appellee.

Larry W. Gabriel, Mona S. Amer, Pachulski Stang Ziehl Young & Jones, Los Angeles, CA, Sheila Canavan, Phillip M. Steinbock & Hofmann, San Jose, CA, for American Association of Retired Persons, appellant.

## *ORDER*

### DENYING LEAVE TO APPEAL

CARTER, District Judge.

Appellants AARP and Ida Mae Forrest[1] appeal from the order of the Bankruptcy Court enjoining them from pursuing claims against various officers and agents of First Alliance Mortgage Company[2], First Alliance Corporation, and First Alliance Portfolio Services (collectively First Alliance)[3] in separate actions pending in various state courts (the State Court Actions), pursuant to section 105 of the Bankruptcy Code. The Court deems the notice of appeal in this matter to be an application for leave to appeal. *See* Local Bankruptcy Rule 3.4. After reviewing the briefs submitted, the record in this and related matters, and for the reasons set forth below, the Court DENIES Appellants application for leave to appeal.

---

1. Ida Mae Forrest is one of the "California Six" who are pursuing various claims against First Alliance in related proceedings.

2. Two separate entities in this litigation are named First Alliance Mortgage Company. One is a California Corporation, the other a Minnesota Corporation. As indicated by their names and the joint administration of these cases, both entities are substantially related.

3. The parties sometimes refer to First Alliance as "FAMCO."

## I.

## BACKGROUND

First Alliance has been in the business of subprime mortgage lending since 1971. First Alliance's customers generally were borrowers who would have had difficulty obtaining loans from conventional sources because of poor credit ratings or insufficient credit histories. The loans, many of which were refinancings by homeowners who had developed significant equity in their homes, typically were secured by the borrowers' first mortgages. As of 1999, First Alliance or affiliated entities were licensed to operate in eighteen states and the District of Columbia and serviced nearly $900 million in loans.

On March 23, 2000, First Alliance filed a voluntary petition under Chapter 11 of the Bankruptcy Code, because of the costs associated with the growing number of lawsuits filed against it. This petition triggered the consolidation of most of the pending lawsuits into the bankruptcy proceeding.

In addition to the suits against First Alliance, there are fifteen lawsuits, brought by 109 plaintiffs, in eight courts, in six different states, pending against various current and former officers and employees of First Alliance. Most of these include claims against First Alliance's founder and chairman Brian Chisick. Because these individuals have not sought protection under the Bankruptcy Code, the lawsuits were not enjoined by operation of the automatic stay. *See* 11 U.S.C. § 362.

On April 26, 2000, First Alliance commenced an adversary proceeding in the Bankruptcy Court to enjoin the continued prosecution of these actions against Chisick and the other non-debtor defendants. On April 27, 2000, the Bankruptcy Court issued a temporary restraining order against the prosecution of the State Court Actions. After a hearing, the Bankruptcy Court granted a preliminary injunction on June 22, 2000, enjoining the prosecution of the State Court Actions for a period of 95 days. On September 21, 2000, the Bankruptcy Court extended the preliminary injunction for a period of 125 days (the First Extension Order).

On February 26, 2001, the Bankruptcy Court extended the preliminary injunction for 65 days (the Second Extension Order). On April 25, 2001, the Bankruptcy Court extended the preliminary injunction for a 90 day period (the Third Extension Order). Appellants now seek leave to appeal the Third Extension Order to this Court.

Since that time, several events in the First Alliance saga have taken place. Most importantly, this Court withdrew the reference to the Bankruptcy Court of various predatory lending claims against First Alliance brought by the Federal Trade Commission and others (the FTC Action). These claims are similar and related to the state court actions now pending against the non-debtor defendants.

On July 6, 2001, the Third Extension Order expired.[4] Based in part on the changed circumstances in the case, and the efforts to consolidate all the predatory lending claims in this Court, First Alliance requested and was granted an extension of the preliminary injunction until October 4, 2001 (the Fourth Extension Order).

Additionally, Velda Durney[5] appealed the Bankruptcy Court's First Extension

---

4. The expiration of the Third Extension Order does not make this appeal moot, as the continuing preliminary injunction is conduct "capable of repetition, yet evading review" is well taken. *Weinstein v. Bradford,* 423 U.S. 147, 148–49, 96 S.Ct. 347, 348, 46 L.Ed.2d 350 (1975).

5. Durney is also one of the "California Six."

Order to the Bankruptcy Appellate Panel of the Ninth Circuit. On July 3, 2001 (the day after the Bankruptcy Court announced its Fourth Extension Order) the Bankruptcy Appellate Panel reversed the First Extension Order.

Finally, as the predatory lending claims have proceeded against First Alliance, the parties have worked to consolidate all related lawsuits in front of this Court. In a hearing in that case on August 28, 2001, the state governments, AARP, and the California Six represented that they would pursue their claims in conjunction with the FTC Action, provided that this Court has jurisdiction over those claims. To that end, First Alliance has filed a motion for an order determining jurisdiction (the Jurisdictional Motion). That motion is due to be heard in this Court on October 15, 2001.

## II.

## DISCUSSION

### A. Standard of Review

■■■ The Bankruptcy Court's order of preliminary injunction is an interlocutory order. This Court has jurisdiction to hear appeals of interlocutory orders only if it grants leave to appeal. 28 U.S.C. § 158(a)(3).[6] Although Appellants did not request leave to appeal, the Court may treat their notice of appeal as a request for leave to appeal. Local Bankruptcy Rule 3.4. Leave to appeal is only granted when the issues presented merit review. *See In re Brennan,* 198 B.R. 445, 448 n. 2 (D.N.J. 1996).

### B. The Issues Presented Do Not Merit Appellate Review By this Court

■■■ As counsel for First Alliance has noted, the posture of this case tends to

change on appeal. That is especially true in this circumstance. Since the granting of the Third Extension Order, from which Appellants seek review, the Court has withdrawn the reference of the FTC Action, which encompasses the disputes between the parties over First Alliance's lending practices. The Third Extension Order has expired. The Fourth Extension Order will expire shortly, and First Alliance has represented that it will not seek another extension of the preliminary injunction before this Court has ruled on the Jurisdictional Motion.

The changed posture of the case means that this Court's order on the questions presented in this appeal will have no effect. Even if the Court were to reverse the Bankruptcy Court's Third Extension Order, the Fourth Extension Order would still be in effect, and the State Court Actions would still be enjoined. The Fourth Extension Order will expire on October 4, 2001, before the matter could be timely appealed and before the Bankruptcy Court could determine whether to vacate the Fourth Extension Order, which was based on different facts from the Third Extension Order.

Furthermore, if the Court grants First Alliance's Jurisdictional Motion, the preliminary injunction against the state court actions will be moot, as the parties will then consolidate the state court actions with the FTC Action in this Court.

Finally, First Alliance has represented that, if it chooses to seek any further injunctions of the State Court Actions, it will do so in this Court, in the context of the FTC Action. Thus, this Court will

---

**6.** Orders of district courts granting or denying injunctions, including preliminary injunctions, may be appealed to the court of appeals as of right. 28 U.S.C. § 1292(a)(1). There does not appear to be a similar provision for bankruptcy court orders regarding injunctions.

have the opportunity to make the initial determination on any future requests for injunctions against the State Court Actions.

Because the appeal may become moot depending on the Court's ruling on the Jurisdictional Motion; because the Court's ruling will have no effect on whether the State Court Actions may proceed; and because this Court will make the initial determination on any future preliminary injunctions regarding the State Court Actions, the issue of whether the Bankruptcy Court abused its discretion in granting the Third Extension Order does not merit appellate review by this Court.

## III.

### CONCLUSION

Accordingly, Appellants' application for leave to appeal is DENIED. The Appeal is therefore DISMISSED.

IT IS SO ORDERED.

