**ATLANTIC STATES LEGAL FOUNDATION, INC.,**
Plaintiff–Appellant,

v.

**Gale A. NORTON, as Secretary of the United States Department of the Interior, United States Department of the Interior, Defendants–Appellees,**

**Erin M. Crotty, as Commissioner of the New York State Department of Environmental Conservation, Defendant.**

Docket No. 01–6129.

United States Court of Appeals,
Second Circuit.

Feb. 26, 2002.

Paul Hirsch, Esq.; Sean P. Lynch, on the brief, Atlantic States Legal Foundation, Inc., Syracuse, NY, for Appellant.

Ellen Durkee, Attorney, United States Department of Justice; John C. Cruden, Acting Assistant Attorney General; Joseph A. Pavone, Interim United States Attorney, Northern District of New York; Robin Lepore, Assistant Regional Counsel, Department of the Interior; James C. Woods, Assistant United States Attorney, Andrew Mergen and Sean H. Donahue, Attorneys, Department of Justice, on the brief, Washington, DC, for Appellees.

Present WALKER, Chief Judge, SACK, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Plaintiff Atlantic States Legal Foundation filed an amended complaint on March 8, 2000, alleging that the Department of the Interior violated the National Environmental Policy Act, 42 U.S.C. § 4321 *et seq.*, the Migratory Bird Treaty Act, 16 U.S.C. § 703 *et seq.*, and the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*, by issuing a migratory bird depredation permit to the New York State Department of Environmental Conservation authorizing the destruction of double-crested cormorant eggs on Little Galloo Island in Lake Ontario, New York. Plaintiff requested declaratory relief and an injunction against the issuance of this and subsequent depredation permits, unless the federal government were to comply with the terms of the National Environmental Policy Act and the Migratory Bird Treaty Act. The district court concluded that Plaintiff lacked standing to challenge the issuance of the permit and dismissed. We express no opinion on the district court's conclusion about standing, but affirm the dismissal because the case has become moot.

Federal courts lack jurisdiction over moot cases. *See, e.g., Church of Scientology v. United States,* 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992). Because Plaintiff's challenge only applies to a permit issued in May 1999 that expired at the end of February 2000, the government argues that this case has become moot. In response, Plaintiff argues that this case falls within the exception permitting consideration of cases that are "capable of repetition, yet evading review." *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) (per curiam).

Although we conclude that Plaintiff has shown that this case is capable of repetition, it has failed to show that the case evades review. In particular, Plaintiff has not shown that a request for a temporary injunction in an action filed upon the issuance of a depredation permit would not preserve the action for full review. We do not find Plaintiff's arguments about lack of notice compelling because the government has represented to this court that it will provide notice to Plaintiff of the issuance of any future cormorant depredation permits and will delay the execution of those permits for at least seven days after notifying Plaintiff to ensure that there is sufficient time to file an action prior to the actual depredation. Under these circumstances, we conclude that expeditiously filed challenges to future permits would not evade review. Accordingly, the present case should be dismissed for mootness.

For the foregoing reasons, the judgment of the district court is AFFIRMED.