2007 OK CIV APP 16

**CAMPBELL WHOLESALE COMPANY, INC.; and Briggs Tobacco and Specialty Company, Inc., Plaintiffs/Appellants,**

v.

**OKLAHOMA TAX COMMISSION, Defendant/Appellee.**

No. 103,373.

Court of Civil Appeals of Oklahoma, Division No. 1.

Aug. 17, 2006.

Certiorari Denied Jan. 22, 2007.

John B. Jarboe, Jarboe & Stoermer, Tulsa, OK, for Plaintiffs/Appellants.

Douglas B. Allen, General Counsel, Larry D. Patton, Assistant General Counsel, Oklahoma City, OK, for Defendant/Appellee.

CAROL M. HANSEN, Judge.

¶ 1 Plaintiff/Appellants, Campbell Wholesale Company, Inc., and Briggs Tobacco and Specialty Company, Inc. (collectively Wholesalers) seek review of the trial court's order finding an emergency rule of Defendant/Appellee, Oklahoma Tax Commission (Commission), was legally promulgated and was valid and enforceable. We affirm, holding Commission regularly promulgated the rule pursuant to its statutory authority.

¶ 2 The challenged rule, OAC 710:70–2–12, restricts cigarette wholesalers from selling to tribal retailers in any one calendar month more than 110% of one-twelfth the amount sold to that retailer in calendar year 2004, unless the wholesaler applies for and receives permission from Commission for a sale in excess of that amount. The rule's genesis began with *Oklahoma Tax Comm'n v. Potawatomi Indian Tribe of Oklahoma (Potawatomi)*, 498 U.S. 505, 111 S.Ct. 905, 112 L.Ed.2d 1112 (1991), in which the U.S. Supreme Court held the State of Oklahoma had the authority to tax cigarette sales to nontribal members on tribal trust lands, but the State was barred by the Tribe's sovereign immunity from suing the Tribe to collect such taxes. The Court suggested the State had a number of alternative remedies available to it, including collecting the tax from cigarette wholesalers or entering into agreements with tribes to adopt a mutually satis-

factory regime for collection of the tax. *Id.,* 111 S.Ct. at 912.

¶ 3 Oklahoma has adopted a combination of these methods. It imposes taxes on cigarettes through the use of stamps. *68 O.S.Supp.2003 301 et seq* (Article 3). The tax is declared to be on the consumer, but it is paid in advance by the wholesaler, who affixes the stamps to packs of cigarettes sold to evidence payment of the tax. *68 O.S.2001 302.*

¶ 4 In *68 O.S.Supp.2004 346* (C), the Legislature authorized the Governor to enter into tax compacts with federally recognized Indian tribes or nations for payments in lieu of state sales and excise taxes on cigarette and tobacco products. As with the Article 3 tax, the payment in lieu of taxes would be paid in advance by the wholesaler and evidenced by a stamp affixed to the product. However, the rate of the payment in lieu of taxes is reduced from that imposed by Article 3 in order to allow tribes to make sales to tribal members free of state taxation. § 346(B). For non-compacting tribes, the rate is 77.25 cents per pack. OAC 710:70–7–8(b). Rates under the compacts vary from 85.75 to 5.75 cents per pack, *id.;* the latter rate, called an exception rate, is available only to limited localities along the border of states with lower tax rates.

¶ 5 In November 2004, the voters of Oklahoma approved a cigarette tax increase effective January 1, 2005. The exception rate became effective the same day. According to Commission, following the tax increase, sales of cigarettes from wholesalers to tribal retailers dropped at all stores except for exception rate stores. Its auditor supervisor stated the amount of sales increase from 2004 to 2005 at exception rate stores was 38,923,025 packs of cigarettes. Commission asserts this increase was the result of exception rate stores buying cigarettes for resale to retailers not entitled to the reduced rate, and it adopted the challenged rule in order to combat this tax evasion.

¶ 6 Wholesalers brought the present action against Commission to seek judicial review of the emergency rule pursuant to *75 O.S.2001 253* (C)(3). Both sides moved for summary judgment. Wholesalers argued the rule was

in excess of Commission's legislative authority because it does not carry out any stated legislative purpose, it creates an offense not provided by statute, it does not enforce the collection of any tax, and it violates the Okla. Const., Art. 2, § 2, by depriving them of the enjoyment of the gains of their own industry. They argued Commission promulgated the rule to enforce payments under the compacts rather than to collect a tax provided by statute. Wholesalers also argued the rule was not adopted in accordance with the Administrative Procedures Act (APA), *75 O.S.2001 253* (B)(2), because no impact statement was provided to the Commission when it considered and adopted the rule.

¶ 7 In response, Commission argued the payments collected pursuant to the compacts are sales and excise taxes on cigarettes sold to non-tribal members, which under *Potawatomi*, the State is authorized to collect. It argued *68 O.S.2001 102* granted Commission "such duties, powers and authority as are hereinafter defined, and as are now or as may hereafter be conferred upon it by law." It cited *68 O.S.Supp.2003 203* as conferring upon it the authority to

> prescribe, promulgate and enforce all necessary rules for the purpose of making and filing of all reports required under any state tax law, and such rules as may be necessary to ascertain and compute the tax payable by any taxpayer subject to taxation under any state tax law; and may, at all times, exercise such authority as may be necessary to administer and enforce each and every provision of any state tax law.

Commission argued the excise tax on cigarettes is imposed by statute as to non-compacting tribes, *68 O.S.Supp.2004 346* (B) and § 349(A), and by statute and compact as to compacting tribes, § 346(C). It asserted its

emergency rule to address the wholesalers' failure to determine, collect, and remit the required excise tax on cigarette sales on Indian trust lands is within its § 203 authority to administer and enforce state tax law. Commission also cited *68 O.S.Supp.2005 312.1* (A) [1] and *68 O.S.2001 322* [2] as authorizing or mandating its action.

¶ 8 At hearing on the motions, both sides presented evidence. However, in ruling on the motions, the trial court found there was no genuine issue of material fact necessary for determination of the competing motions. It denied Wholesalers' motion for summary judgment and granted that of Commission, ruling the emergency rule was "validly and legally promulgated and adopted and is valid and enforceable." Wholesalers appeal without appellate briefs in conformance with the procedures for the appellate accelerated docket, Okla.Sup.Ct.R. 1.36, 12 O.S.Supp. 2003, Ch. 15, App. 1.

¶ 9 We must inquire into our own jurisdiction. At hearing, the parties agreed the emergency rule would expire in July 2006, but substantially similar language was under consideration for adoption as a permanent rule. "A case is not moot when '(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again.'" *In re D.B. W., 1980 OK 125, 616 P.2d 1149*, 1151 (quoting *Weinstein v. Bradford*, 423 U.S. 147, 96 S.Ct. 347, 349, 46 L.Ed.2d 350). Although the effective period of the emergency rule was too short in duration for Wholesalers to fully litigate its validity prior to its expiration, Wholesalers have a reasonable expectation they will be subjected

---

**1.** 68 O.S.Supp.2005 312.1(A) provides,

The Oklahoma Tax Commission, if in its discretion it deems practical and reasonable, may establish procedures for maintaining records and filing reports containing the information required by this section. The exercise by the Tax Commission of the authority granted in this subsection shall be by adoption of rules necessary to establish procedures that increase compliance with the requirements of this article. If the Tax Commission determines to utilize its discretion,

the provisions of subsections B through J of this section shall apply.

**2.** 68 O.S.2001 322 provides,

The Oklahoma Tax Commission shall prescribe such rules and make such regulations as to the sale or distribution of cigarettes, and the exemption from the stamp excise tax thereof, as shall be deemed necessary to comply with the provisions of the preceding Section.

to the same action again. Therefore, we find this appeal is not moot.

¶ 10 When an agency's rule is appealed, the agency has the burden of proof to show:

1. that the agency possessed the authority to promulgate the rule;

2. that the rule is consistent with any statute authorizing or controlling its issuance and does not exceed statutory authority;

3. that the rule is not violative of any other applicable statute or the Constitution; and

4. that the laws and administrative rules relating to the adoption, review and promulgation of such rules were faithfully followed.

*75 O.S.2001 306* (C). Commission has the authority pursuant to Sections 203, 312.1 and 322 of the Tax Code to promulgate rules to administer and enforce the statutes imposing excise taxes on cigarettes. Whether the challenged rule, OAC 710:70–2–12, is consistent with Commission's statutory authority depends on whether it enforces cigarette excise taxes, as Commission asserts, or merely enforces contract payments under the state-tribe compacts, as Wholesalers contend. As the U.S. Supreme Court recognized in *Potawatomi*, the State has the authority to tax cigarette sales to nontribal members on tribal trust lands, but is limited as to methods for collecting the tax. The purpose of the cigarette stamp system and the state-tribe compacts is to collect this tax. The purpose of the challenged rule is to combat evasion of this tax. Therefore, the rule is consistent with and does not exceed Commission's statutory authority to enforce the cigarette excise tax.

¶ 11 Wholesalers characterize the rule as arbitrarily limiting or prohibiting legitimate sales by licensed tobacco wholesaler to licensed customers, thereby violating their constitutional rights. The rule does not impose a limitation on legitimate sales of cigarettes; rather, it imposes a procedural requirement on an increase in sales beyond a pre-set level. Upon showing good cause, i.e. legitimate business growth rather than tax evasion, Wholesalers may increase their sales to any retailer. Any decision of Commission on an application under the rule is appealable pursuant to *68 O.S.Supp.2002 225*. Commission has shown the rule is not violative of the Constitution or any statute.

¶ 12 Lastly, Commission has shown the laws and administrative rules relating to the adoption, review and promulgation of such rules were faithfully followed. Pursuant to *75 O.S.2001 253* (B)(2), an emergency rule adopted by an agency must include an impact statement unless the impact statement is waived by the Governor. This section does not regulate the internal procedures of the adopting agency; rather, it places a requirement on the agency itself to include an impact statement when it submits the rule to the Governor for approval. The uncontroverted evidence is Commission properly submitted the emergency rule with an impact statement to the Governor.

¶ 13 For the foregoing reasons, we hold Commission regularly promulgated the challenged emergency rule pursuant to its statutory authority.

¶ 14 The Osage Nation and Feather Smoke Shop, LLC, have filed motions to file briefs amicus curiae without the consent of the parties. Disposition of a cause may not be delayed to await the filing of a brief amicus curiae; the briefs must be filed within the briefing cycle set for the party supported. Okla.Sup.Ct.R. 1.12(d)(1), 12 O.S.Supp.2003, Ch. 15, App. 1. Extraordinary cause must be shown before an amicus curiae will be permitted to file a brief outside the normal briefing cycle. *Id.* In a summary disposition matter, the briefing took place below. The parties themselves do not file briefs on appeal. Movants have failed to show extraordinary cause to file their briefs outside the normal briefing cycle. Therefore, their motions are denied.

¶ 15 AFFIRMED.

BELL, P.J., and JOPLIN, J., concur.