NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 17-1891

JOHN CONNOR MIRABELLA, A MINOR,
BY HIS PARENTS, JOHN AND MAUREEN MIRABELLA;
JOHN MIRABELLA; MAUREEN MIRABELLA,
INDIVIDUALLY AND ON THEIR OWN BEHALF,

Appellants

v.

WILLIAM PENN CHARTER SCHOOL;
WILLIAM PENN CHARTER SCHOOL, INC.;
OVERSEERS OF THE PUBLIC SCHOOL

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. Civil Action No. 2-15-cv-01162)
District Judge: Honorable Mitchell S. Goldberg

Submitted under Third Circuit LAR 34.1(a)
on March 23, 2018

Before: HARDIMAN, BIBAS and ROTH, <u>Circuit Judges</u>

(Opinion filed: November 5, 2018)

OPINION*

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

ROTH, Circuit Judge

John Connor Mirabella (Connor), a student diagnosed with attention-deficit/hyperactivity disorder (ADHD), was enrolled at the William Penn Charter School (Penn Charter) from the ninth through the eleventh grade. His parents, John and Maureen Mirabella, had asked the school to attend to his learning deficits by making various teaching and testing accommodations, which Penn Charter allegedly agreed to when it admitted Connor. After interactions with the school's administrators, the Mirabellas concluded that Penn Charter either could not or would not accommodate Connor's disability, prompting them to enroll Connor in a different high school to repeat the eleventh grade and complete his final year. Connor graduated from high school in 2016 and enrolled at St. Joseph's University.

Early in 2015, after Connor's departure from Penn Charter, the Mirabellas sued Penn Charter, William Penn Charter School, Inc., and Overseers of the Public School, alleging that the high school had failed to reasonably accommodate Connor's disability in violation of the Americans with Disabilities Act (ADA).[1] The Mirabellas sought injunctive relief under the ADA for "all similarly situated disabled students and/or applicants for admission to William Penn Charter School." They also advanced state-law claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and negligent infliction of emotional distress.

---

[1] 42 U.S.C. § 12101, et seq.

In 2017, the District Court dismissed the Mirabellas' ADA claim for lack of standing and mootness. It declined to exercise supplemental jurisdiction over the state-law claims, which have since been asserted in the Court of Common Pleas of Montgomery County.

Principally because the ADA claim has been rendered moot by Connor's graduation from high school, we will affirm.

I.

The Constitution commands that we consider actual cases and controversies only, not moot ones.[2] Our "ability to grant effective relief lies at the heart of the mootness doctrine."[3] Developments that "eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief" render a case moot, irrespective of when the developments occur during federal judicial proceedings.[4]

Graduation is one such development: When a student challenges the legality of a school's conduct, the student's "graduation typically moots her claim for injunctive or declaratory relief."[5] In *Donovan*, we held that a student's graduation mooted her request to enjoin her high school from denying her Bible club certain privileges.[6] So too here.

---

[2] U.S. CONST. art. III, § 2.

[3] *Donovan ex rel. Donovan v. Punxsutawney Area Sch. Bd.*, 336 F.3d 211, 216 (3d Cir. 2003).

[4] *Id.* (quoting *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996)).

[5] *Id.*

[6] *Id.* at 216-17.

Connor's graduation means that any injunctive relief under the ADA "would have no impact on [him] whatsoever."[7]

A longstanding but "extremely narrow" exception applies when a student's claims are "capable of repetition, yet evading review."[8] For the exception to apply, "the challenged action [must be] too short in duration to be fully litigated before the case . . . become[s] moot" and "there [must be] a reasonable expectation that the complaining party will be subjected to the same action again."[9] As in *Donovan*, the exception does not apply to Connor: As a high school graduate presently enrolled in university, he will not be returning to high school and will not again be subjected to Penn Charter's teaching methods.

To rescue their ADA claim, the Mirabellas attempt to analogize their circumstances to those in *Brody ex rel. Sugzdinis v. Spang*.[10] *Brody* is readily distinguishable. There, certain parents and students were challenging a consent decree that barred religious speech at a high school graduation ceremony; they moved to intervene to vindicate their First Amendment rights. As to the students, we held that the case had become moot because they would never again graduate from high school.[11] As to the parents, however, we held that the circumstances were "capable of repetition"

---

[7] *Id.* at 217.

[8] *Id.* at 216-17 (quoting *Brody ex rel. Sugzdinis v. Spang*, 957 F.2d 1108, 1113 (3d Cir. 1992)).

[9] *Id.* at 217 (citing *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)).

[10] 957 F.2d 1108 (3d Cir. 1992).

[11] *Brody*, 957 F.2d at 1113.

because they had younger children who were attending the same high school.[12]  Because

the Mirabellas have not alleged that they have younger children with ADHD, the

comparison to *Brody* is inapt.[13]

The Mirabellas also invite us to create an entirely new exception to mootness

doctrine premised on Connor's "constructive expulsion" from Penn Charter.  We decline

that invitation.  More to the point, it is Connor's graduation from high school—not his

purported expulsion from Penn Charter—that compels our holding.

Finally, to the extent that Connor continues to experience residual reputational or

psychological trauma from his experience at Penn Charter, the injunctive remedy the

ADA affords is incapable of granting him "effective relief."[14]  The Mirabellas may

continue to seek damages and thereby vindicate their interests in state court.[15]

## II.

---

[12] *Id.* at 1114-15.

[13] The Mirabellas also draw on our *en banc* decision in *United States v. Frumento*, cited in *Brody*, to salvage their appeal.  To the extent the Mirabellas argue that certain cases cannot become moot because the interests implicated are too weighty, we conclude that the interests implicated in this appeal are materially different from those in *Frumento*, which concerned the deprivation of "personal liberty."  552 F.2d 534, 540-41 (3d Cir. 1977).  *Frumento* resolved an appeal from a contempt order that had resulted in the appellant's confinement.  Although we found that the circumstances giving rise to his confinement were "capable of repetition," thereby satisfying the mootness exception, we noted that in view of the "fundamental personal liberties" at stake we would in any event have declined to dismiss the case as moot.  *Id.*  The interests implicated in this appeal do not reach that high threshold.

[14] *Donovan*, 336 F.3d at 216.

[15] Because the District Court correctly dismissed the Mirabellas' ADA claim, it did not abuse its discretion in declining to exercise supplemental jurisdiction over their state-law claims.  28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . .").

5

For the reasons set out above, we will affirm the judgment of the District Court.