[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  19-10527

_____

D.C. Docket No. 1:18-cv-21095-RNS

YASIR MEHMOOD,

Petitioner - Appellant,

versus

UNITED STATES ATTORNEY GENERAL,
in his official capacity,
WARDEN,
(OIC), Krome SPC, A.F.O.D. ICE-DHS,

Respondents - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 7, 2020)

Before ROSENBAUM, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

In this immigration case, Yasir Mehmood appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. That petition claims, as relevant here, that Mehmood's prolonged pre-final-removal-order detention, pursuant to 8 U.S.C. § 1226(c), without a bond hearing violates the Due Process Clause of the United States Constitution. As explained below, because Mehmood has been removed from the United States and is no longer detained by the United States government, this Court's and the Supreme Court's binding precedent require us to dismiss Mehmood's appeal as moot.

Mehmood, a native and citizen of Pakistan, was transferred from criminal custody to the custody of Immigration and Customs Enforcement ("ICE") on February 23, 2017, to undergo removal proceedings. Four days later, a Notice to Appear was served by an immigration court in Las Vegas, Nevada, charging Mehmood as removable on various bases. After considering and rejecting Mehmood's arguments, on September 18, 2017, the immigration judge sustained the charges of removability and ordered him removed.

The Board of Immigration Appeals (the "BIA") largely agreed but remanded for credibility findings on issues related to Mehmood's application for deferral of removal under the Convention Against Torture. After additional proceedings not particularly relevant here, the BIA, on February 25, 2019, dismissed Mehmood's

2

appeal from the immigration judge's decision denying Mehmood's application for deferral of removal under the Convention Against Torture.

While those proceedings were ongoing, on July 19, 2017, Mehmood was transferred to the Krome Processing Center in Miami, Florida ("Krome").  About eight months later, on March 22, 2018, while he was still detained at Krome, Mehmood instituted the present action.  After the district court dismissed Mehmood's initial petition without prejudice, Mehmood filed an amended habeas petition, arguing that his continuous and lengthy detention under § 1226(c) without a bond hearing violated the Due Process Clause.  The district court disagreed and again dismissed the petition, this time without leave to amend, on January 29, 2019.

Mehmood then timely appealed to this Court.  Mehmood was still detained under § 1226(c), at that time.

Shortly thereafter, Mehmood appealed the immigration court's removability decision to the Ninth Circuit and moved for a stay of removal pending review.  *See* BIA Petition for Review and Motion For Stay, *Mehmood v. Barr*, No. 19-70579 (9th Cir. 2019).  In accordance with its General Order 6.4(c), the Ninth Circuit issued an automatic stay of Mehmood's removal on the same day.  *Id.* (text only order).  On October 24, 2019, the Ninth Circuit denied Mehmood's motion for a stay of removal, rendering him eligible to be removed.  *Id.*, Order (October 24, 2019).  To date,

however, the Ninth Circuit has not substantively resolved Mehmood's appeal of the immigration court's removability decision.

On December 4, 2019, the government notified this Court of Mehmood's imminent removal.  In preparation for that removal, Mehmood was transferred from Krome to Alexandria, Louisiana, on December 5, 2019.  On December 18, 2019, the government notified this Court that Mehmood had been removed to Pakistan.[1]  So "Mehmood is no longer detained by or in the custody of Respondents-Appellees."

And it is that fact that leads us to dismiss Mehmood's appeal as moot.

An appeal becomes moot when it no longer presents a "live" controversy or when a ruling on the issues would have no practical significance.  *Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002).  "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001).  In such a circumstance, "dismissal is required because mootness is jurisdictional."  *Soliman*, 296 F.3d at 1242 (internal quotation marks omitted).

"Although there is an exception to the mootness doctrine when the action being challenged by the lawsuit is capable of being repeated *and* evading review, we

---

[1] While Mehmood contends that that notice is insufficient to show he has been removed Mehmood neither asserts that his detention continues nor that he remains in the United States.

have held that this exception is narrow, and applies only in exceptional situations." *Id*. (internal quotation marks omitted; emphasis in original).  The Supreme Court has consistently advised that, in the absence of a class action, "[a] dispute qualifies for that exception only if (1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the *same complaining party* will be subjected to the *same action again*."  *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1540 (2018) (emphasis added; internal quotation marks omitted); *see also Hall v. Sec'y, Alabama*, 902 F.3d 1294, 1300 (11th Cir. 2018) (collecting Supreme Court cases applying the "same complaining party rule in evaluating whether a case falls within the capable-of-repetition-yet-evading-review exception to mootness"), *cert. denied sub nom. Hall v. Merrill,* 140 S. Ct. 117 (2019).  The exception does not extend to situations where the legal issue—unconnected to the litigating plaintiff—is capable of repetition, yet evading review.  *Weinstein v. Bradford*, 423 U.S. 147, 148-49 (1975) (holding detained plaintiff's constitutional challenge regarding his eligibility for parole was mooted by his complete release from supervision).  And "[t]he remote possibility that an event might recur is not enough to overcome mootness, and even a likely recurrence is insufficient if there would be ample opportunity for review at that time." *Al Najjar*, 273 F.3d at 1336.

In a case nearly identical to this one, we held that a petitioner's removal from the United States mooted his due-process challenge to his lengthy immigration detention. *See Soliman*, 296 F.3d at 1243. There, we explained that "[s]ince [the petitioner] was removed from the United States to Egypt" and was "no longer being detained . . . , no order from this Court requiring" his release "could have any effect." *Id.* Thus, "[a]ny opinion regarding [the petitioner's] challenge to his detention . . . would be purely advisory" and the appeal was "therefore moot." *Id.* (internal quotation marks omitted).

That applies with equal force here. Mehmood's petition for habeas corpus seeks relief from immigration detention, and that is relief we simply cannot provide because he is no longer detained by ICE (or any other United States Government entity).[2] "Quite simply, 'there is nothing for us to remedy, even if we were disposed to do so.'" *Soliman*, 296 F.3d at 1243 (quoting *Spencer v. Kemna*, 523 U.S. 1, 18 (1998)); *see also Sopo v. U.S. Attorney Gen.*, 890 F.3d 952, 953 (11th Cir. 2018) (vacating prior opinion regarding whether § 1226(c) detainees must be afforded bond hearings and dismissing as moot based on petitioner's removal); *Salmeron-*

---

[2] It matters not that Mehmood's petition merely asks us to conclude that due process entitles him to a bond hearing wherein an immigration judge might determine that he is eligible for release from immigration detention pending the final resolution of his substantive removability appeal. Because Mehmood is in Pakistan and no longer detained, even if we rendered a favorable ruling on that issue, Mehmood would not receive a bond hearing before an immigration judge.

*Salmeron v. Spivey*, 926 F.3d 1283, 1290 (11th Cir. 2019) (habeas corpus petition challenging detention became moot when petitioner was removed).

Nor do we think that Mehmood's case falls into the "capable of repetition, yet evading review" exception. As we have noted, in a non-class action like this one, that exception applies only when, among other things, "there is a reasonable expectation that the *same complaining party* will be subjected to the *same action again*." *Sanchez-Gomez*, 138 S. Ct. at 1540 (emphasis added). Here, for Mehmood to be subject to the same action—detention under § 1226(c) without a bond hearing—he would have to return to the United States from Pakistan, possibly illegally, while knowing that he is subject to immediate detention and removal. That such a turn of events would occur is entirely speculative at best. *See Soliman*, 296 F.3d at 1243 ("[S]ince [the petitioner] has been removed from the United States and there is absolutely no reason to believe that he will again be detained . . . , the narrow exception for cases that are capable of repetition yet evading review does not apply.").

Accordingly, because no live case or controversy exists following Mehmood's removal, we conclude that this appeal must be **DISMISSED AS MOOT**. And because we dismiss the appeal as moot, we also **DENY AS MOOT**

7

the government's motion to dismiss,[3] and we **VACATE** the district court's order. *See Soliman*, 296 F.3d at 1243-44.  Finally, in light of our disposition of the case, the oral argument scheduled for April 24, 2020, is canceled.

---

[3] Shortly after the Ninth Circuit lifted its automatic stay of removal but before Mehmood was removed, the government moved to dismiss the appeal as moot on a different basis.  That motion argued that the appeal should be dismissed because Mehmood was no longer detained under § 1226(c)—the provision his habeas petition challenged—but was instead detained under 8 U.S.C. § 1231(a), pending his removal from the United States.  Because we dismiss the appeal on a separate basis, we do not reach the merits of that argument.

8