*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

EB, Minor, by Next Friend STACEY NICOLE
BAKER, STACEY NICOLE BAKER individually,
JB and NB, Minors, by Next Friend STEFANIE
BRULE, STEFANIE BRULE individually, TJR,
Minor, by Next Friend ANGELA ROBERTS,
ANGELA ROBERTS individually, ES, Minor, by
Next Friend KAREN GARLANGER, and KAREN
GARLANGER individually,

        Plaintiffs-Appellants,

v

WATERVLIET PUBLIC SCHOOLS, RIC
SEAGER, WATERVLIET BOARD OF
EDUCATION, LAKESHORE PUBLIC SCHOOLS,
GREG EDING, LAKESHORE PUBLIC SCHOOL
BOARD OF EDUCATION, ST. JOSEPH PUBLIC
SCHOOLS, JENNY FEE, and ST. JOSEPH PUBLIC
SCHOOLS BOARD OF EDUCATION,

        Defendants-Appellees.

UNPUBLISHED
May 4, 2023

No. 361206
Berrien Circuit Court
LC No. 2022-000014-CZ

Before: SHAPIRO, P.J., and REDFORD and YATES, JJ.

PER CURIAM.

Plaintiff parents—individually and as next friends of their children who attend Watervliet, Lakeshore, or St. Joseph Public Schools—have challenged mask requirements implemented by the respective school districts to prevent the spread of COVID-19. The school districts rescinded their mask mandates in February 2022 while this case was pending in the trial court. Shortly thereafter, the trial court dismissed the case as moot. On review, we affirm that ruling.

-1-

## I. FACTUAL BACKGROUND

Plaintiffs challenge the school districts' mask policies that were implemented in the fall of 2021. The Berrien County Health Department rescinded its mask policy on September 29, 2021, but defendants decided to maintain their own mask requirements for students. Plaintiffs filed suit in January 2022. In February 2022, defendants rescinded their mask requirements and made masks optional for students, staff, and visitors. The decisions to rescind the mask requirements coincided with improving COVID-19 circumstances and new guidance from the Department of Health and Human Services (DHHS)—issued on February 16, 2022—that lifted a masking advisory in indoor public settings, including schools. Defendants thereafter moved for summary disposition, raising the issue of mootness. On April 8, 2022, the trial court issued an 11-page opinion dismissing the entire case "without prejudice on grounds of mootness only, rendering a determination . . . of the remaining issues raised by the parties unnecessary." Plaintiffs then filed this appeal as of right.

## II. LEGAL ANALYSIS

Plaintiffs contend that the trial court erred by dismissing the case as moot because, although the mask mandates are no longer in effect, the school districts do not concede the wrongfulness of their conduct in adopting those policies and there remains a constant threat that the school districts will reinstitute mask requirements. Therefore, plaintiffs insist that the school districts' voluntary cessation of their mask policies does not render the case moot. Plaintiffs also argue that mootness should not apply because the issues in this case pose questions of public significance and that those issues are likely to recur, yet evade judicial review. We disagree.

Issues of mootness "are questions of law that are reviewed de novo." *Adams v Parole Bd*, 340 Mich App 251, 259; ___ NW2d ___ (2022). As we recently stated in considering a challenge to a mask mandate:

> Generally, this Court does not address moot questions or declare legal principles that have no practical effect in a case. Mootness occurs when an event has occurred that renders it impossible for the court to grant relief. An issue is also moot when a judgment, if entered, cannot for any reason have a practical legal effect on the existing controversy. [*Flynn v Ottawa Co Dep't of Pub Health*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 359774); slip op at 4 (quotation marks and citation omitted).]

Mootness, however, is not an inflexible doctrine, and there are several exceptions to the general rule. *Turunen v Dir of Dep't of Nat'l Resources*, 336 Mich App 468, 480; 971 NW2d 20 (2021).

Specifically, a moot issue will be reviewed if the issue is one of public significance that is "likely to recur, and yet likely to evade judicial review." *Flynn*, ___ Mich App at ___; slip op at 4. Also, a moot issue may be reviewed under the voluntary cessation doctrine, which provides:

> "[V]oluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot. A controversy may remain to be settled in such circumstances, e.g., a dispute over the legality of the challenged practices. The defendant is free to return to his old ways. This, together with a public interest in having the legality of the practices settled,

militates against a mootness conclusion." [*Ed Subscription Serv, Inc v American Ed Servs, Inc*, 115 Mich App 413, 430; 320 NW2d 684 (1982), quoting *United States v W T Grant Co*, 345 US 629, 632; 73 S Ct 894; 97 L Ed 1303 (1953).]

Under the voluntary cessation doctrine, "[t]he case may nevertheless be moot if the defendant can demonstrate that there is no reasonable expectation that the wrong will be repeated." *W T Grant Co*, 345 US at 633 (quotation marks and citation omitted).

The school districts have rescinded their masking requirements, so plaintiffs' challenges to the mask mandates are moot because there is no meaningful relief we could grant and any judgment from this Court would have no practical effect on any existing controversy. See *Flynn*, ___ Mich App at ___; slip op at 4. The question remains, however, whether the merits of the case should be reviewed under the voluntary cessation doctrine or because the issues are likely to recur, yet evade judicial review. Accordingly, at plaintiffs' urging, we shall determine whether either one of those exceptions to the general rule of mootness should be invoked in this case.

## A. VOLUNTARY CESSATION

In considering voluntary cessation as a basis for reaching the merits in this case, we observe that the school districts do not concede that they lack the authority to require masks in school, nor do the school districts furnish any assurances that they will not reimpose a masking requirement if they deem that mandate necessary. To the contrary, the school districts have vigorously defended their authority to impose mask mandates. We also recognize that the issue presented is potentially one of public interest. These circumstances lend support to the argument that the school districts' voluntary cessation of their masking requirements should not render moot the controversy in this case regarding the school districts' power.

On the other hand, and more compelling in our view, the facts of this case do not indicate that the school districts withdrew their masking requirements in response to plaintiffs' lawsuit. On February 16, 2022, the DHHS issued guidance "expiring the Public Health Advisory on Masking in Indoor Public Settings, including school settings." In lifting the advisory, the DHHS relied upon "[c]urrent case rates and hospitalizations, and increased access to vaccines, testing and therapies" as evidence that Michigan was in a "post-surge recovery phase" in which there was no "immediate resurgence" predicted. Shortly thereafter, during the same month, in the midst of the improving COVID-19 conditions, and consistent with the DHHS's updated guidance, the school districts rescinded their mask mandates, suggesting that the school districts acted in response to the new guidance from the DHHS and the evolving COVID-19 situation, rather than in response to plaintiffs' lawsuit. Cf. *Resurrection Sch v Hertel*, 35 F4th 524, 529 (CA 6, 2022).[1] There is a presumption of good faith by governmental actors, see *Brach v Newsom*, 38 F4th 6, 12-14 (CA 9, 2022), and the facts of this case do not rebut that presumption. Therefore, the "sincerity" of the

---

[1] Although nonbinding, decisions of lower federal courts may be considered for their persuasive value. *In re Estate of Vansach*, 324 Mich App 371, 388 n 8; 922 NW2d 136 (2018).

school districts' justification supports a finding of mootness. See *Clark v Governor of New Jersey*, 53 F4th 769, 778 (CA 3, 2022).

To be sure, the public-health environment regarding COVID-19 could change in the future, and the school districts staunchly defend their power to respond to such a health crisis as necessary, including with masking requirements. Although we are aware of this possibility, we nevertheless conclude that the likelihood that the school districts will reinstitute mask mandates in response to the evolving COVID-19 situation is speculative. See *Brach*, 38 F4th at 14.

## B. LIKELY TO RECUR, YET EVADING REVIEW

We conclude that the "likely to recur, and yet likely to evade judicial review" exception to the general rule of mootness does not apply. To determine whether review of an issue is warranted under that exception, we must consider whether the issue "(1) is of public significance, (2) is likely to recur, and (3) may evade judicial review[.]" *Gleason v Kincaid*, 323 Mich App 308, 315; 917 NW2d 685 (2018). There must exist "a reasonable expectation that the publicly significant alleged wrong will recur yet escape judicial review[.]" *Id*.

The school districts' authority to impose mask requirements is potentially an issue of public significance, see *Flynn*, ___ Mich App at ___; slip op at 4, but there is no reasonable expectation that the alleged wrong will recur, yet escape review. At this juncture, the likelihood of the school districts reinstating a mask mandate is speculative. Also, if one of the school districts again imposes a mask requirement, there is no reason to believe that the duration of the mask mandate will be so short as to evade judicial review. *Weinstein v Bradford*, 423 US 147, 149; 96 S Ct 347; 46 L Ed 2d 350 (1975) (considering whether the "challenged action was in its duration too short to be fully litigated prior to its cessation or expiration"). Mask mandates during the COVID-19 pandemic were in place for many months, affording sufficient time for judicial review should the matter arise again. See, e.g., *Gunter v North Wasco Co Sch Dist Bd of Ed*, 577 F Supp 3d 1141, 1156 (D Or, 2021) (reviewing merits of challenges to a mask mandate that was in effect for several months). More importantly, this Court has recently addressed the merits of a challenge to a mask mandate, see *Flynn*, ___ Mich App at ___; slip op at 4-7, leaving little doubt that this Court will take up such a challenge to a mask mandate instituted in the future. In that respect, mask mandates in Michigan have not evaded review by our courts, nor will they do so in any subsequent pandemic.

Affirmed.

/s/ Douglas B. Shapiro
/s/ James Robert Redford
/s/ Christopher P. Yates

-4-